## HOLLENDER *v.* HALL.

*(Supreme Court, Special Term, New York County. July 1, 1890.)*

PROCESS—SERVICE OF SUMMONS—PRIVILEGE OF WITNESS.

    A resident in a foreign country, though still a citizen of his state. is privileged from the service of process while in the state as a witness in an action pending in a federal court; and the fact that his testimony, by consent of parties, was taken before a notary, instead of before an officer of the court, is immaterial. Affirmed in 11 N. Y. Supp. 521.

Action by John H. Hollender against Henry C. Hall. Defendant left New York state, went to Mantanzas, Cuba, and there established his residence, and engaged in mercantile business, in 1853, and continued in that business until 1864. After that he was in the consular service of the United States until March, 1889, and then he went to Managua, in Nicaragua, as resident agent of a maritime canal company, and still holds that position. On May 13, 1890, he came to New York on a visit, and then went to Washington, D. C. He then returned from Washington for the sole purpose of testifying in an action brought against one Baiz in the United States district court for New York. After having given his testimony before a notary, and while leaving the latter's office, he was served with summons in this action. He now moves that such service be set aside.

    *Robert D. Benedict,* for plaintiff.     *Daly, Hoyt & Mason,* for defendant.

BEACH, J. I am satisfied from the affidavits in this case that the defendant is not a resident of this state. His employment is in a foreign country, and he has not actually resided here for many years. It may be that he has not by such foreign residence lost his citizenship of this state; but it appears from a review of the authorities that the immunity from the service of process depends, not upon the abstract question of citizenship, but upon the fact of actual residence. This immunity is said to be "one of the necessities of the administration of justice, and that courts would often be embarrassed if suitors or witnesses, while attending court, could be molested with process." *Person* v. *Grier,* 66 N. Y. 126. And this would apply as well to a person while he still claimed to be a citizen of this state, and was as a matter of fact a resident of a foreign state, and unless he was sure of protection would refuse to come within the state to give his testimony, which was required for the purpose of the administration of justice in our tribunals. It is clear that the defendant came here from Washington for the sole purpose of testifying in an action pending in the United States district court for this district, and that he

actually gave his testimony in that action, and was served with the summons in this action while leaving the office in which such testimony was given. The fact that the parties consented that such testimony be taken before a notary, instead of requiring that an officer of the court be appointed to conduct the examination of the witnesses, is not material. Defendant was a witness in an action, and gave testimony which was testimony in the action as much as if it had been given in court, and while giving that testimony was entitled to protection. Motion should therefore be granted, with $10 costs. Order to be settled on July 2, at 10:30 A. M.