(60 Misc. Rep. 336.)

### FINUCANE v. WARNER.

(Supreme Court, Special Term, Livingston County. August 8. 1908.)

PROCESS—EXEMPTION FROM SERVICE—WAIVER OF RIGHT.

Though defendant came to the state solely to testify in a case, and was served with process pending the trial, he waived his right to claim privilege, having remained in the state many days after the trial, during the last 10 or 12 of which he knew his privilege and his right to have the service vacated, and not having asserted it till after he had completed other business, and when it was too late for plaintiff to get other service.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 40, Process, § 153.]

Action by Amelia A. Finucane against Charles G. Warner. Defendant moves to set aside and vacate service of summons on the ground that it was illegal, and that no jurisdiction of his person was acquired thereby, and that he was privileged and exempt from the service of process while in the state in attendance on the trial of an action in the Supreme Court. Motion denied.

Order affirmed 112 N. Y. Supp. 1129.

E. C. Olney (George Raines, of counsel), for plaintiff.

George R. Graves (Charles D. Newton, of counsel), for defendant.

SAWYER, J.   The defendant, who is a resident of the state of California, came into the state of New York for the purpose of appearing as a party and a witness in an action then pending in the Supreme Court of this state.   The action in which he was interested was tried at the courthouse in the village of Geneseo, commencing the 22d day of June, 1908.   Upon the first day of the trial, to wit, the 22d day of June, the summons in this action was served upon him.   Following the service of the summons, and after the completion of the trial which he came here, as is claimed, for the sole purpose of attending, and until Sunday July 12, 1908, he remained in this state, and then returned to his home in California.   During all the time he so remained in the state he seems to have engaged in various matters of a personal nature, among other things instituting an action for replevin and recovering into his own possession certain personal property, visiting with his friends and acquaintances, and generally, for some 16 or 17 days following the close of the action which he came here to attend, busying himself in such matters as suited his convenience and inclination. Upon the 1st day of July he made and verified the affidavit upon which this motion is made, and evidently at about the same time consulted with his attorney in regard thereto, for the attorney's affidavit attached to the motion papers seems to have been verified upon the 2d day of July.   So far as appears upon this motion, nothing further was done by him in reference to it until the 10th day of July, when he procured from Mr. Justice Foote a stay of proceedings until after the hearing and determination of this motion and an extension of his time to appear herein.   Upon the 11th day of July, between 7 and 8 o'clock in the evening, that day being Saturday, he for the first time advised plaintiff that he claimed his privilege, by the service of this notice of motion and the papers upon which it is based, and the following day (Sunday) he left for California.

Some dispute appears in the papers as to whether or not his attendance upon the trial was the sole reason for defendant's voluntarily coming into the state.   Assuming that when he came there was no other intention in his mind, no question can exist but what during the time which he was here in attendance upon the trial, and for a sufficient time thereafter to enable him to leave the state, he was privileged, and no valid service of process could be made upon him.   If he claimed his privilege and asserted his rights and promptly and immediately left the state, the service of the summons in question would be vacated and set aside.   This he did not do, but remained for many days, the last 10 or 12 of which he had full knowledge of his privilege and his right to have the service vacated.   Instead of promptly claiming his privilege, he stayed until his other business had apparently been fully completed, and then attempted to assert it at a time when it was too late for the plaintiff to obtain service of another summons upon him.   The trial of the action ended upon the 25th, and he could have left the state upon the day following.   At least at any time after that he was not privileged, and the service upon him could properly have been made.   Had he promptly claimed his privilege, as the cases all indicate is required, this plaintiff would doubtless have obtained new service.   Instead of this, he seems to have deliberately intended

she should believe her action properly begun until such time as suited his convenience, and when it was too late for her to rectify her error. This the courts cannot countenance, and it must be held that defendant has waived any privilege he may have had, and ratified the service of the summons upon him.

Motion denied.