*In Re* Petition of HOWARD E. GREENE for Writ of Protection.

JANUARY 8, 1913.

PRESENT: Johnson, Parkhurst, Sweetland, and Vincent, JJ.

(1)    *Writs of Protection.*

Parties and witnesses attending in good faith any legal tribunal, with or without a writ of protection, are privileged from arrest on civil process during their attendance and for a reasonable time in going and returning, whether residents or non-residents and whether they attend on summons or voluntarily.

(2)    *Writs of Protection.*

As a writ of protection amounts only to notice to those threatening a violation of the privilege, the court before whom the witness expects to attend is the proper tribunal to issue the writ.

(3)    *Writs of Protection.    Municipal Court.*

The municipal court of the city of Providence has the power to issue a writ of protection to a witness attending before it or before a commission appointed by it, and an application for such writ should properly be made before that court and not to the Supreme Court.

APPLICATION for writ of protection.    Dismissed.

JOHNSON, J.    The petitioner, a non-resident of the State, asks for a writ of protection in order that he may attend

before commissioners appointed by the Municipal Court of the city of Providence, at a hearing to be held January 17, 1913, and at any adjournment thereof, upon a claim presented against an estate in which he is interested, and states that he is an important witness in said case; that his presence at said hearing is necessary for a complete and full trial thereof, and that he has been threatened with arrest under civil process, in this State.

(1)      It is well settled that parties and witnesses attending in good faith any legal tribunal, with or without a writ of protection, are privileged from arrest on civil process during their attendance, and for a reasonable time in going and returning, whether residents or non-residents of the State, whether they attend on summons or voluntarily or whether they have or have not obtained a writ of protection. *Waterman* v. *Merritt*, 7 R. I. 345, 347; *Baldwin* v. *Emerson*, 16 R. I. 304; *Capwell* v. *Sipe*, 17 R. I. 475; *Ellis* v. *Degarmo*, 17 R. I. 715; *Larned* v. *Griffin*, 12 Fed. 590; *Thompson's case*, 122 Mass. 428; *Wood* v. *Neale*, 5 Gray, 538; *May* v. *Shumway*, 16 Gray, 86; *Parker* v. *Marco*, 136 N. Y. 585. "And this protection extends to the attendance of parties and witnesses before arbitrators, commissioners, and examiners." *Larned* v. *Griffin, supra.* In Massachusetts, a creditor of a deceased insolvent, while attending a meeting of commissioners appointed by the judge of probate to examine claims against the estate was held to be privileged from arrest on civil process. *Wood* v. *Neale, supra.*

The privilege exists without the granting of the writ. As was said in *Parker* v. *Marco, supra,* "While the granting of the writ is proper, it is not necessary for the enjoyment of the privilege, and the only office which it can perform is to afford convenient and authentic notice to those about to do what would be a violation of the privilege, and to set it forth and command due respect to it."

And in the case of *McNeil*, 3 Mass. 288, the court said: "A juror has no occasion for a writ to protect him. If a juror, or any other person, whose duty brings him to Court,

whether as a party or a witness, is arrested while attending the Court, or *eundo et redeundo,* the Court, upon motion, will take order for his discharge. A writ of protection will not protect one who is not lawfully entitled to it, and is of no other use to one who is so entitled, but as *prima facie* evidence to the officer who is about to arrest him."

(2)   As the writ therefore amounts only to convenient and authentic notice to those about to do what would be a violation of the privilege, and as the court which the witness is attending or expects to attend has the best means of judging the truth of the matter upon which the privilege is claimed, it seems that such court is the proper court to issue the writ.

As to the question of the power of the municipal court to issue the writ of protection, said court is a court of record and is invested by statute with probate jurisdiction and by Section 9, Chapter 307, General Laws, 1909: "Any probate court may require the attendance of any party or person, whom it may see fit to examine or cause to be examined in any (3) proceeding pending in said court, and may examine or cause to be examined on oath parties and witnesses either orally or on written interrogatories or both, or may receive their affidavits and may require any writings or other evidence pertinent in such proceedings to be produced, before itself or otherwise, and may issue writs of subpœna *ad testificandum,* and of subpœna *duces tecum.*"

In our opinion the municipal court of the city of Providence having the power to "require the attendance of any party or person whom it may see fit to examine or cause to be examined in any proceeding pending in said court" has also the power to issue a writ of protection to a witness attending before it or before a commission appointed by it. Said commission may properly be regarded as simply the arm of the court and as representing it *pro hac vice.* The application for the writ of protection should have been made to said municipal court.

The petition is therefore denied and dismissed.