POWELL et al. v. PANGBORN et al.

(Supreme Court, Appellate Division, Second Department.   February 6, 1914.)

1. PROCESS (§ 118*)—EXEMPTIONS—ATTENDING JUDICIAL PROCEEDINGS—PRIVILEGE OF CREDITORS.

A nonresident creditor coming into the state to attend a creditors' meeting before the referee in bankruptcy is exempt from civil process.

[Ed. Note.—For other cases, see Process, Cent. Dig. § 146; Dec. Dig. § 118.*]

2. EVIDENCE (§ 34*)—FORMS.

Under Bankr. Act July 1, 1898, c. 541, § 30, 30 Stat. 554 (U. S. Comp. St. 1901, p. 3434), providing that all necessary forms shall be prescribed by the Supreme Court of the United States, forms adopted and promulgated by the federal Supreme Court have the force of law and will be judicially noticed.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 49, 50; Dec. Dig. § 34.*]

3. BANKRUPTCY (§ 237*)—CREDITORS' MEETING—EXAMINATION OF CORPORATE OFFICIALS.

The officers of a corporation represent it, and may be required to submit to an examination at the first creditors' meeting in bankruptcy.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 37, 48, 405; Dec. Dig. § 237.*]

4. PROCESS (§ 120*)—CREDITORS' MEETING—WITNESSES.

Under Bankr. Act July 1, 1898, c. 541, § 7, 30 Stat. 548 (U. S. Comp. St. 1901, p. 3424), providing that a bankrupt shall attend the first meeting of his creditors if directed by the court or judge thereof, but that he shall not be required to attend a meeting at a place more than 150 miles from his home unless he shall be paid his actual expenses when required to attend, officers of a bankrupt corporation who have not been subpoenaed or paid witness fees, including mileage, are mere volunteers when they come from a distant foreign state into the state of the forum for the purpose of attending a creditors' meeting.

[Ed. Note.—For other cases, see Process, Cent. Dig. § 150; Dec. Dig. § 120.*]

5. PROCESS (§ 118*)—CREDITORS' MEETING—PERSONS ATTENDING.

Officers of a bankrupt corporation who come into the state for the purpose of attending the first creditors' meeting, although they are not in the custody of the law, not having been subpoenaed, are exempt from service of process from the state courts.

[Ed. Note.—For other cases. see Process, Cent. Dig. § 146; Dec. Dig. § 118.*]

Appeal from Special Term, Kings County.

Action by A. Judson Powell and another against Thomas W. Pangborn and another.   From an order denying a motion to vacate the service of summons, defendants appeal.   Order reversed, and motion granted.

Argued before JENKS, P. J., and BURR, THOMAS, RICH, and PUTNAM, JJ.

Charles S. Yawger, of New York City (Edward F. Unger, of New York City, on the brief), for appellants.

Franklin Taylor, of New York City (Joseph J. Zeiger, of New York City, on the brief), for respondents.

PUTNAM, J.  [1] A nonresident creditor coming to New York to attend a creditors' meeting in bankruptcy before a register, under the act of 1874 (chapter 390, 18. Stat. 178), is exempt from civil process. Matthews v. Tufts, 87 N. Y. 568.  Hearings in bankruptcy before referees under the present act of 1898 are judicial, so as to protect an attending creditor from being subjected to the service of process. Morrow v. U. H. Dudley & Co. (D. C.) 144 Fed. 441.  The bankrupt himself, attending a hearing before the referee as a party or a witness, is privileged from arrest and from service of state court process. Goldsmith v. Haskell, 120 App. Div. 403, 105 N. Y. Supp. 327.  In Netograph Mfg. Co. v. Scrugham, 197 N. Y. 377, 382, 90 N. E. 962, 27 L. R. A. (N. S.) 333, 134 Am. St. Rep. 886, a citizen of Ohio, who had been arrested in this state and admitted to bail, and had then returned home, but afterwards came here to attend the trial of an indictment against him, was regarded as in this jurisdiction "constructively in the custody of the law," and therefore not privileged from service.

[2-5] The defendants here were, respectively, president and vice president of a local corporation which had been adjudicated bankrupt by the United States District Court for the Southern District of New York, with an order of reference to one of the referees in bankruptcy. Both defendants resided in Hagerstown, Md.  The moving papers do not disclose the form of this order of reference.  But the General Orders, with the General Forms, in bankruptcy, having been adopted and promulgated by the United States Supreme Court, in pursuance of section 30 of the Bankrupt Act (Act July 1, 1898, c. 541, 30 Stat. 554 [U. S. Comp. St. 1901, p. 3434]), have the force of law (Collier on Bankruptcy [9th Ed.] p. 572), and are therefore to be judicially noticed (Caha v. United States, 152 U. S. 211, 14 Sup. Ct. 513, 38 L. Ed. 415; Chamberlayne on Evidence, § 652).

General Form 14 prescribes the wording of the order of reference, which directs the bankrupt to attend before the referee at the first meeting.  Collier, p. 1120.  It is not shown that any subpœna to attend had been served upon either of the defendants, or upon any of the corporate officials.  The officers of such a corporation represent it, and may be required to submit to examination at this first meeting. Collier on Bankruptcy, 453.  While the officials of a bankrupt corporation are under a duty to attend the creditors' meeting, so that if the president or vice president remained absent they might perhaps be put to inconvenience, any compulsion by contempt proceedings seems to require that such an officer should be regularly served with a subpœna, and paid his witness fees, including mileage.  Bankrupt Act, § 7.  The affidavit of Mr. Thomas Pangborn shows that he had been examined as a witness before the referee, and that on this adjourned day of the first meeting, while both defendants were still in the office of the referee in bankruptcy, they were served with the summons in this action.

As these appellants came before the referee although not personally named in the order of reference, and without subpœna, their attendance must be deemed voluntary.  They were in no respect in the cus-

tody of the law, like a person extradited, or one arrested and released on bail. The order of reference notified them to appear, but it was no more compulsory in effect than a notice of taking depositions before a notary public, under Rev. St. U. S. § 863 (U. S. Comp. St. 1901, p. 661). A nonresident litigant induced to come within this state to attend the taking of such a deposition is privileged from service of process. This exemption is not simply personal, but, as declared by Maynard, J., is "the privilege of the court, and is deemed necessary for the maintenance of its authority and dignity and in order to promote the due and efficient administration of justice." Parker v. Marco, 136 N. Y. 585, 589, 32 N. E. 989 (20 L. R. A. 45, 32 Am. St. Rep. 770).

Public policy and comity towards the federal courts charged with the administration of the Bankrupt Law require that the parties litigant, as well as witnesses, who come to participate in the bankruptcy meetings and hearings before referees, should be free from interference by service of process from the state courts.

The order appealed from should be reversed, with $10 costs and disbursements, and the motion to vacate the service granted, with $10 costs. All concur.