# SOFGE *v.* LOWE.*

## (*Jackson.*    April Term, 1915.)

1. **PROCESS. Service. Privilege. Parties.**

Suitors, whether plaintiff or defendant, from a foreign jurisdiction, are exempt from the service of civil process while attending court and for such reasonable time before and after trial as may enable them to go from and return to their homes. (*Post, pp.* 628-631.)

Cases cited and approved: Sewanee, etc., Coal Co. v. Williams, 120 Tenn., 339; Bridges v. Sheldon (C. C.), 7 Fed., 44; Brooks v. State, 3 Boyce (Del.), 1.

Cases cited and distinguished: Holyoke, etc., Co. v. Ambdem (C. C.), 55 Fed., 593; Cronk v. Wheaton, 23 Lancaster Law Rev., 206.

2. **PROCESS. Service. Privilege of parties traveling to and from State of suit.**

Where defendant was served with process in this State while returning from attending as suitor a United States court in Arkansas, his plea of abatement was properly sustained; since a State court, by way of comity and on grounds of public policy, should enforce the privilege of witness or party to suit in another State to be exempt from service of process while attending court. (*Post, pp.* 631-636.)

Cases cited and approved: Tyrone Bank v. Doty, 2 Pa. Dist. R., 558; Hoffman v. Judge of Circuit Court, 113 Mich., 109;

---

*On the question of exemption of nonresident party from service of civil process while in State in connection with case, see notes in 42 L. R. A. (N. S.), 1101, and L. R. A., 1915A, 694. As to exemption of a defendant brought into a State on extradition proceedings, see note in 46 L. R. A., 711. As to right to serve process in an action against a corporation upon nonresident officer who is within the State as a party or witness, see notes in 24 L. R. A. (N. S.), 276, and 52 L. R. A. (N. S.), 583. As to exemption of nonresident witness from suit, see note in 25 L. R. A., 721. As to privilege of suitor or witness from service of process as affected by route taken or time consumed, see note in 14 L. R. A. (N. S.), 663. And as to right of nonresident to exemption from service of process while within jurisdiction pursuant to condition of bail bond, see notes in 27 L. R. A. (N. S.), 333 and 51 L. R. A. (N. S.), 328.

Sofge v. Lowe.

Powell v. Pangborn, 161 App. Div., 453; Plimpton v. Winslow
(C. C.), 9 Fed., 365; Hollender v. Hall, 13 N. Y. Supp., 758.

Cases cited and distinguished: Parker v. Marco, 136 N. Y., 585.

3. **PROCESS.** Service. Privilege. Parties. Witnesses. Burden
of proof.

The privilege of a party or witness from a foreign jurisdiction
exempt from service of process while attending court is in-
vokable only when the person's sole business in the State of
suit is to attend the litigation, the burden being upon him
under plea in abatement to establish the fact.      (*Post, p.* 636.)

Cases cited and approved: Finucane v. Warner, 194 N. Y., 160;
Chaffee v. Jones, 19 Pick. (Mass.), 261; Smythe v. Banks, 4
Dall., 329.

## FROM SHELBY.

Appeal from the Circuit Court of Shelby County to
the Court of Civil Appeals, and by *certiorari* from the
Court of Civil Appeals to the Supreme Court.—J. P.
YOUNG, Judge.

McGHEE, LIVINGSTON & FARRARBOUGH and GRAVES &
PEARSON, for appellant.

MARSILLIOT & CHANDLER, for appellee.

MR. JUSTICE WILLIAMS delivered the opinion of the
Court.

Sofge, plaintiff in error in this case, in 1913, brought
suit in the United States District Court at Helena, Ark.,
against Lowe on the same cause of action attempted to
be asserted in the pending case. Lowe was and is a res-
ident of the State of Massachusetts, and went from

there to Helena to attend a trial of the federal court case as a suitor and necessary witness in his own behalf.

While returning from that place and while passing through Memphis, Tenn., en route to his home, Lowe was served with process in this suit. He filed his plea in abatement on the ground that he was exempt from the service of such process while so returning from attendance upon court at Helena, and this plea was sustained by the trial judge. The court of civil appeals has affirmed the judgment of the circuit court, and the case is before us on a petition for *certiorari*.

The point relied on and pressed by appellant Sofge is that the exemption from service of process is confined as to enforcement to the jurisdiction within which was held the court attended by Lowe; that only the courts of Arkansas, into which he was drawn by the Helena litigation, will concern themselves with his protection from the service of process.

The general rule is that suitors, plaintiff or defendant, from a foreign jurisdiction, are exempt from the service of civil process while attending court, and for such reasonable time before and after trial as may enable them to go from and return to their homes. *Sewanee, etc., Coal Co.* v. *Williams*, 120 Tenn., 339, 107 S. W., 968; 32 Cyc., 492, 494.

The rule is of ancient origin and is mentioned as early as the reign of Henry VI of England (Year Book, 20 Henry VI, 10), and the reason underlying it is the proper administration of justice in the protection of

Sofge v. Lowe.

the courts and those called to attend them. The privilege of the individual is incidental; the protection of courts of justice is the primary object of the rule. *Bridges* v. *Sheldon* (C. C.), 7 Fed., 44; *Brooks* v. *State,* 3 Boyce (Del.), 1, 79 Atl., 790, 51 L. R. A. (N. S.), 1126, Ann. Cas., 1915A, 1133, and cases cited.

The question whether such a suitor is entitled while passing through an intermediate State, in going from or returning to his home, to be protected from service in a suit begun therein, has been decided, it seems, in but two cases. In both of these the exemption was denied. The authority of these cases is weakened by the fact that in neither was the decision by a court of last resort.

The first case was that of *Holyoke, etc., Co.* v. *Ambden* (C. C.), 55 Fed., 593, 21 L. R. A., 319, decided by Carpenter, District Judge. There Ambden, a citizen of Vermont, was sued in Massachusetts while journeying through that State to attend court in Connecticut. It was there said:

"The second contention of the defendant is that the service of this writ is in violation of the policy of the law which exempts from service parties and witnesses going to and from court on the business of the court. An examination of the cases shows that it has been held that parties to a suit are exempt from arrest, and in some cases from suit by summons, while within the jurisdiction of the court on the business of the court, and that this exemption has in some cases been extended to witnesses. In

none of them, however, has it been held that a party
or witness is exempt from service in any other juris-
diction than that in which his attendance as a party
or as a witness is required. I cannot see any reason
for further extending this rule. It is established
by courts to protect their own process and their own
suitors, by the assurance that the court in which the
party has brought his action, or into which the party
has been summoned, . . . will not permit its own
process, or that of other courts in the same jurisdic-
tion, in another action, to embarrass the proceedings.
It seems to me that evils greater than these sought to
be remedied would arise if the courts of one State
should asume so to guard and protect all the other
courts in the country. The rule is in derogation of
common right, and restrains the plaintiff from suing,
lest a greater evil may arise than involved in the tem-
porary suspension of his right to bring his demand into
court of justice having jurisdiction to determine it.
The rule therefore ought to be extended with great
caution, and to extend it beyond the jurisdiction imme-
diately concerned seems to me to be unnecesssary and
mischievous.''

This federal decision was quoted and followed by
the court of common pleas of Susquehanna county, Pa.,
in the case of *Cronk* v. *Wheaton*, 23 Lancaster Law
Rev., 206, 15 Pa. Dist. Rep., 721, where it was said:

''The researches of diligent counsel have been unable
to find and cite any case in any State in which it has
been held that this privilege from arrest or summons

on civil process extends beyond protecting the party or witness in attendance upon a court of the State in which the process issued from which the exemption is claimed.  .  .  .

- "In the case at bar, the defendant was voluntarily in the State of Pennsylvania and county of Susquehanna when he was served with process; he was not here in response to any process of any court of the State of Pennsylvania, or any agreement by the parties in this suit; he came into this State because he found it more convenient in going from his home in Deposit, N. Y., to Binghampton, in New York, and I can see no reason why the fact that his business at Binghampton, in the State of New York, was to attend the courts of the State of New York, should exempt him from service of process in the State of Pennsylvania."

Notwithstanding these authorities, we are persuaded that the true rule was announced by the trial judge and the court of civil appeals in the instant case.

In cases which have had under consideration the protection of a suitor or witness going from one county in a State to another and subjected to service in a suit in an intermediate county—a closely related point— it has been held that there existed the privilege of exemption. *Tyrone Bank* v. *Doty,* 2 Pa. Dist. R., 558, 12 Pa. Co. Ct. R., 287; *Hoffman* v. *Judge of Circuit Court,* 113 Mich., 109, 71 N. W., 480, 38 L. R. A., 663, 67 Am. St. Rep., 458.

A State court will, by way of comity, enforce the privilege of a witness or suitor who, while attending a

federal court, has been sued in the State court. *Sewanee, etc., Co.* v. *Williams,* supra; *Powell* v. *Pangborn,* 161 App. Div., 453, 145 N. Y. Supp., 1073. See, also, *Plimpton* v. *Winslow* (C. C.), 9 Fed., 365, 20 Blatchf. 82.

In *Parker* v. *Marco,* 136 N. Y., 585, 32 N. E., 989, 20 L. R. A., 45, 32 Am. St. Rep., 770, a defendant residing in South Carolina, where he had been sued in the federal court, attended an examination of plaintiff's witness in that cause in New York and was there sued. It was held that he was exempt from process from a State court of New York. The court said:

"At common law a writ of privilege or protection would be granted to the party or witness by the court in which the action was pending, which would be respected by all other courts. We cannot find that the power to issue such a writ has been abrogated by legislation, and it doubtless exists, and the writ may still be granted by courts possessing a common-law jurisdiction; but while the granting of the writ is proper, it is not necessary for the enjoyment of the privilege and the only office it can perform is to afford convenient and authentic notice to those about to do what would be a violation of the privilege, and to set it forth, and command due respect to it. The tendency has ben not to restrict but to enlarge the privilege so as to afford full protection to parties and witnesses. . . .

"In *Hollender* v. *Hall* [Sup.], 13 N. Y. Supp., 758, the witness was attending, pursuant to a stipulation

before a notary public, to have his deposition taken in an action pending in the United States District Court for the Southern District of New York, and the special term set aside the service of process upon him, and its decision was affirmed by the general term of the first department. A distinction is sought to be made between that case and the one at bar, because there the court in which the action was pending existed within the limits of this State, while here it is a court sitting in another State. There does not appear to be any sound principle upon which such discrimination can rest. . . . A party who is brought here in such a proceeding is, we think, entitled to the same protection without regard to the local jurisdiction of the court in which the action is pending.''

The privilege of immunity from service rests upon grounds of public policy, and of such policy as it relates to a matter of supreme importance—the administration of justice. In order that causes may be fully heard and a just result reached, and that an orderly and unhampered administration of justice may be assured, the law has announced the rule of exemption. If parties to a pending cause, or their witnesses, are liable to be thus sued, they may be intimidated and prevented from complying with the foreign court's mandate, if actually summoned or subpœnaed, or from attending voluntarily as is their privilege. It is against public policy to permit them to be deterred by fear of being subjected to suit while attending, or so going or returning.

This principle of public policy is common to Arkan-

sas and Tennessee. Justice, in such connection, is to
be conceived of as a thing integral and not partible by
State or jurisdictional lines; all courts must be pre-
sumed to interest themselves alike in promoting and
keeping unhampered its fair administration. The
courts of this State cannot be unconcerned in respect
of the embarrassment in that regard to be experienced
by the courts of Arkansas if the courts of this and the
other States which surround that State deny to suitors
and witnesses returning to their homes from her courts
this exemption from suit. Of what considerable avail
is it that Arkansas extends her own protection, if the
other States refuse any exertion of their sovereign
power through their courts to the same end?

The courts of this State will see to it that their pro-
cesses are not used to thus embarrass the administra-
tion of justice in a sister State, and we shall expect the
courts of other States to rule in reciprocation. Thus,
by a species of comity, a common end will be served.
It may be that this cannot be demanded of us or of
other courts, or asked to be extended except by way of
that courtesy which is really comity. Reasons of con-
venience, expediency, and public interest prompt us to
announce this doctrine for our State. A liberal inter-
pretation in favor of the privilege is manifested in the
authorities, State and federal, and we deem our ruling
to be in accord with that trend.

That the doctrine may not be without salutary appli-
cation we think may be shown by examples: Let it
be supposed that a suitor residing in Nashville is called

to attend a trial of his cause at Knoxville, and travels
over one of the most used lines of transportation by
way of Chattanooga, which takes him into the States
of Alabama and Georgia. While his journey is a sin-
gle one and his sole purpose is to reach his destination
in this State, and therefore as to intent his is an intra-
state journey, is he to be subjected to the hazard of
being sued en route in one of these other States? Let
us suppose that at a term of the federal court held at
Jonesboro, Ark., sixty-eight miles distant from Mem-
phis, a witness is called to attend from his residence
at Hernando, Miss., twenty-two miles distant from
Memphis, and within the 100-mile limit from Jonesbo-
ro; that under compulsion of process the witness makes
the journey, and in doing so goes through Memphis
as being on the only feasible route, and travels but a
very few miles in this State. Is he without protection
from adverse suit in our courts while covering that
limited distance?

As we see it, the two opinions to the contrary, quoted
from above, are unsatisfactory, in that they disregard
that sound policy which courts should have in mind for
basis in the formulation of precedents. We do not
think it can fairly be said that Lowe was "voluntarily"
in this State; he would have gone as "voluntarily" in-
to Missouri had he returned by way of St. Louis.
Practically speaking, he was compelled to take one of
the two courses.

Under the rule of the two cases referred to, Lowe
could have been tolled to Arkansas by a litigation

pitched there, and on arrival have found the suit dismissed. On the return trip to Massachusetts he would have been subject to be sued in any one of six States on the same cause of action, and the plaintiff could elect to put him to the hazard in that one of the six States in which the law of procedure or evidence would favor the plaintiff's recovery. It is not difficult to contemplate a case where the question of liability would turn in plaintiff's favor upon some such rule applied in a given State along the route, while a different rule favoring the defendant would be applicable in Arkansas and Massachusetts.

Since the rule is based upon public policy in the protection of the administration of justice, and has been extended and liberalized from time to time on that account, the privilege is held not to be invokable unless the person's sole business in the foreign jurisdiction be to attend upon such litigation. If with that affair other business be intermingled the protection is gone. Further, under his plea in abatement, the burden is on the person sued to establish that his purpose, and only purpose, in the jurisdiction to or jurisdictions through which he was called to go or return was that incident to a particular pending litigation which called him from his home. *Finucane* v. *Warner,* 194 N. Y., 160, 86 N. E., 1118; *Chaffee* v. *Jones,* 19 Pick. (Mass.), 261; *Smythe* v. *Banks,* 4 Dall., 329, 1 L. Ed., 854.

Content as we are with the rulings of the lower courts, the writ of *certiorari* is denied.