## BURROUGHS v. COCKE & WILLIS.

No. 6093. Opinion Filed February 1, 1916.

Rehearing Denied March 28, 1916.

(156 Pac. 196.)

1. **PROCESS—Service—Exemptions—**Nonresidents. (a) A nonresident, who comes within the confines of this state for the purpose of attending upon the taking of depositions to be used in the trial of a cause pending in another jurisdiction in which he is one of the litigants, is privileged from service of summons while within the state upon that business, and he does not forfeit this privilege merely because he transacts other business not connected with the taking of the depositions, provided the controlling cause of his being within the state was the taking of the depositions.

(b) But if the desire to transact other business not connected with the taking of the depositions was the controlling motive that brought him within the jurisdiction of the court, or if he fails to leave the state within a reasonable time after the taking of the depositions is completed, then he is not entitled to the exemption from service of summons.

2. **APPEAL AND ERROR—Review—Questions of Fact.** Evidence examined, and **held** sufficient to sustain the findings of the trial court that the party was not exempt from service of summons.

(Syllabus by Mathews, C.)

*Error from District Court, Choctaw County;*

*Summers Hardy, Judge.*

Action by Cocke & Willis against N. T. Burroughs. Judgment for plaintiff, and defendant brings error. Affirmed.

*McPherren & Cochran,* for plaintiff in error.

*Works & Copping,* for defendant in error.

Opinion by MATHEWS, C. The parties will be referred to as in the trial court. This was an action for attorney fees instituted by plaintiff against defendant in the district court of Choctaw county. Defendant resides

in Chicago, Ill., but was served with summons while in Choctaw county. Soon after defendant was served with summons he filed a motion to set the same aside and, as his grounds therefor, alleged that he resided in Chicago and was a nonresident of the State of Oklahoma, and that, at the time of the service of summons on him, he was present in the town of Hugo, Choctaw county, Okla., in pursuance of a notice served upon him that depositions would be taken in said town on said date to be used in the trial of the case of N. T. Burroughs v. Payne Lumber Co., pending in the United States District Court at Chicago, he being the said plaintiff; that he was present at said time for no other purpose than the taking of said depositions, for the purpose of assisting and advising his attorneys; that he came directly from Chicago to Hugo for this purpose and that he returned immediately after the taking of same; that the summons was served upon him while he was still in attendance for the purpose of taking said depositions and before the same had been completed.

This motion was heard before Judge A. H. Ferguson, who overruled the same and made the following findings of fact:

"The court finds that the witness for the defendant in this case testified that the defendant, N. T. Burroughs, came to Hugo, Okla., for the sole purpose of being in attendance on the taking of depositions in the case pending in the United States Court at Chicago. The evidence of the witnesses for the plaintiff indicates that the defendant had other business and came to Hugo to attend to other business. The defendant made inquiry while in Hugo about seeing other people at Idabel, Okla., where he had property; made inquiry about the connection of the trains in going to and from there, and the court is of the

opinion that the defendant was not in attendance at the taking of these depositions, or was not in Hugo at that time for the sole purpose of being in attendance on the taking of depositions in the case pending in the federal court in Illinois.

"The defendant was in Hugo on other business besides the taking of the depositions at the time he was served with summons; that he arrived at Hugo on the 5th of June, about 4 o'clock p. m., and the summons was served on him on that date before the completion of the taking of the depositions; that he did not leave immediately after the taking of the depositions for Chicago, but left on the same day the taking of the depositions was completed, being in Hugo two days, and that he did not leave within a reasonable time after the taking of the depositions."

The cause was tried to a jury, Judge Hardy presiding, and a verdict returned in favor of the plaintiff in the sum of $500. On passing upon the motion for a new trial, Judge Hardy made the following findings:

"The motion for a new trial in this case presents several questions, the principal ones of which go to the jurisdiction of the court over the person of the defendant. Prior to pleading the case, the defendant filed his motion to quash the issuance and service of summons, which was overruled by Judge Ferguson, and the objection was preserved in the pleadings and is again urged in the motion for a new trial, and in support of the motion a transcript of the evidence taken at the original hearing of the motion is offered in evidence by agreement of both parties. It appears from the testimony of John Willis, one of the plaintiffs herein, that on the day the summons was served, the defendant, Burroughs, discussed with Willis the interests of the defendant in the timber business in McCurtain county, and stated to said Willis that he (Burroughs) intended to be here a few days and was going to try and make arrangements to clean up matters down there and see if he could not get something out of it, and made in-

quiry as to the running of trains from Hugo to Idabel. It further appears that defendant has considerable financial interests in McCurtain county, and that some of these interests conflicted with the interests of the Choctaw Lumber Company, or rather that he had interests in connection with the said Choctaw Lumber Company and that during the time defendant was in Hugo, C. E. Baxter, the timber man for the Choctaw Lumber Company was in Hugo. The defendant, Burroughs, also inquired of the plaintiff Willis where he would find R. H. Stanley, of the law firm of Howe & Stanley.

"John Cocke, one of the plaintiffs, testified that about the time of taking the depositions, he had a conversation with the defendant in plaintiff's office in the city of Hugo, in which defendant told him that he (defendant) would be here several days and wanted to take up certain matters with plaintiff after the taking of depositions was over. This witness also testified that Herman Dierks, president of the Choctaw Lumber Company, who resided at Kansas City, Mo., and Mr. Baxter, timber man for the Choctaw Lumber Company, who resided in Idabel, were in Hugo about the same time.

"On the hearing to quash the service, Judge Ferguson held that defendant was in Hugo at the time of taking the depositions on other business in addition to that of taking the depositions.

"The foregoing statement of the testimony in my judgment reasonably tends to support the conclusion reached on the first hearing, and I am also of the opinion that the defendant was in Hugo in connection with his timber interests in McCurtain county, and that he had a conference with the officials of the Choctaw Lumber Company, at about that time, and that he consulted with both of the plaintiffs concerning other matters and especially with the plaintiff Willis before the service of summons upon him. The testimony upon the trial of the case confirms me in these views, because in the correspondence between the parties, special and frequent reference is made

to defendant's intentions to visit Oklahoma and look after the subject of this suit, together with other interests of the defendant in this state.

"There is ample evidence in the case to support the verdict of the jury, and, being of the opinion that there is no error in the trial, it follows that the motion for a new trial should be overruled, to all of which the defendant excepts."

But one assignment of error is urged here and that is, that the defendant was at the time of the service of summons upon him exempt therefrom, as he was in Hugo as suitor in a case then pending in the federal court at Chicago, being himself a resident of Chicago, and that he spent only such time in Hugo as was necessary in connection with the taking of the depositions to be used in the trial of the above action.

In reply to this contention the plaintiff admits that if a nonresident suitor comes into the state for the sole purpose of attending the taking of depositions in an action pending in another court in which he is a party, he is privileged from the service of summons while here upon that business.

Only in a very few states has there been challenged the right of nonresident suitors to attend upon the trial of their causes without being subjected to service of summons in other suits instituted against them in the jurisdiction of the cause the trial of which occasioned their presence. The leading case holding to this doctrine is *Bishop v. Vose*, 27 Conn. 1. To the same effect is *Baisley v. Baisley*, 113 Mo. 544, 21 S. W. 29, 35 Am. St. Rep. 726, *Baldwin v. Emerson*, 16 R. I. 304, 15 Atl. 83, 27 Am. St. Rep. 741, and *Tiedemann v. Tiedemann*, 35 Nev. 259, 129 Pac. 313. With the exception of a few isolated cases which

varied the general rule to meet specific conditions, it can safely be said that the courts of all of the states, with the exception of the above four, have uniformly held that all nonresidents, while they are attending court proceedings, either as suitors or as witnesses, are privileged from service of summons while there upon that business.

This state in common with nearly every other state has a statute (section 5064, Rev. Laws 1910) granting this immunity to witnesses, but this right to suitors in only a few states is extended by a statute law, but is derived from the common law. The reason for granting this immunity to suitors is varied, some placing it as a personal privilege to the suitor, and others as good public policy that courts should not be hampered by having those in attendance upon it pounced upon by other litigants. The following are a few of the authorities which hold to the foregoing doctrine: *Bolgiano v. Gilbert Lock Company*, 73 Md. 132, 20 Atl. 788, 25 Am. St. Rep. 582; *Fisk v. Westover*, 4 S. D. 233, 55 N. W. 961, 46 Am. St. Rep. 780; *Martin v. Bacon*, 76 Ark. 158, 88 S. W. 863, 113 Am. St. Rep. 81, 6 Ann. Cas. 336; *Roberts v. Thompson*, 149 App. Div. 437, 134 N. Y. Supp. 363; *In re Greene*, 35 R. I. 67, 85 Atl. 552; *Mullen v. Sanborn*, 25 L. R. A. 721, note; *Hicks v. Besuchet*, 7 N. D. 429, 75 N. W. 793, 66 Am. St. Rep. 665; *Underwood v. Fosha et al.*, 73 Kan. 408, 85 Pac. 564, 9 Ann. Cas. 833; *Wilson v. Donaldson*, 117 Ind. 356, 20 N. E. 250, 3 L. R. A. 266, 10 Am. St. Rep. 48; *Martin v. Whitney*, 74 N. H. 505, 69 Atl. 888; *Barber v. Knowles*, 77 Ohio St. 81, 82 N. E. 1065, 14 L. R. A. (N. S.) 663, 11 Ann. Cas. 1144.

As far as our investigation has extended, with the single exception of the case of *Greer v. Young*, 120 Ill.

184, 11 N. E. 167, the courts have uniformly extended this privilege of immunity not only to those who attend before the court upon the actual trial, but also those who attend as witnesses or suitors in the taking of depositions. *Roschynialski v. Hale* (D. C.) 201 Fed. 1017; *Parker v. Marco,* 136 N. Y. 585, 32 N. E. 989, 20 L. R. A. 45, 32 Am. St. Rep. 770; *Larned v. Griffin* (C. C.) 12 Fed. 590; *Powell et al. v. Pangborn et al.,* 161 App. Div. 453, 145 N. Y. Supp. 1073; *Bridges v. Sheldon,* 7 Fed. 17; *Hollender v. Hall,* 13 N. Y. Supp. 758; *Partridge v. Powell,* 180 Pa. 22, 36 Atl. 419; *Dickinson v. Farwell,* 71 N. H. 213, 51 Atl. 624; *Plimpton v. Winslow* (C. C.) 9 Fed. 365.

It is suggested by plaintiff that this doctrine of immunity has been generally extended only to the defendant, but our investigation leads us to the conclusion that no distinction has generally been made between a plaintiff and a defendant, the reasoning for the rule including both alike. *Fisk v. Westover,* 4 S. D. 233, 55 N. W. 961, 46 Am. St. Rep. 780.

Plaintiff does not aggressively attack the foregoing declaration of the law, but plaintiff's main contention is that in order for the defendant to obtain immunity he must show that he was in the state solely for the purpose of attending upon the taking of the depositions, and that if he in any way deviates therefrom by attending to private business, he forfeits his immunty. There is a line of New York decisions cited in the note found in 18 Ann. Cas. 128, which, while not going to the extent advanced by plaintiff, do hold that if a party comes into the jurisdiction for the double purpose of attending court and transacting other business having no connection with the trial, the privilege does not attach to him. *Finucane v. Warner,*

60 Misc. Rep. 336, 112 N. Y. Supp. 137. But we have been unable to find any other cases that go that far. However, it appears to us that the more reasonable rule and proper test in such cases should be that if the main and controlling reason that occasioned the party's being in the jurisdiction of the court was to attend upon court business, then merely because he elected to transact other business not connected with the court, then he should not thereby forfeit his immunity; but if it should be determined that his claim of being within the jurisdiction for the purpose of attending upon court business was not *bona fide,* but was being used by him as a mere subterfuge, and that he was in fact there to transact other business not connected with the trial, and but for the desire to transact said other business he would not have come within the jurisdiction of the court, then he is not entitled to immunity. It thus becomes a question of fact, and each particular case must be decided on its own merits.

If the controlling cause of defendant's going to Choctaw county at the time service was had upon him was to be present at the taking of the depositions to be used at the trial of the case pending in the federal court at Chicago, and if he left the state within a reasonable time after the taking of the depositions were completed, then he is entitled to the immunity claimed. These two propositions were passed upon in the trial court by two different judges who in each instance decided the same against defendant, although the finding of Judge Ferguson was in effect in favor of defendant, as he used this language:

"The weight of authority appears to be 'in favor of sustaining the motion of the defendant, but as the Su-

preme Court of this state has not passed on this proposition, I will overrule the motion."

However, the evidence adduced in the trial court satisfied the two trial judges that the defendant was not in Choctaw county in good faith to attend upon the taking of the depositions, but was there for the purpose of transacting other business and did not leave within a reasonable time after the taking of the depositions was completed, and, there being evidence sufficient to sustain such findings, this court will not disturb the same. The decision upon this point must rest upon the controlling motive of defendant in coming into Choctaw county. If the moving cause of his coming to Choctaw county was to transact other business not connected with the taking of the depositions, this would fix his legal status and he could not bring himself within the provision protecting suitors from service of summons by changing his plans after he arrived at Hugo and after the service of summons upon him by failing or refusing to transact such business as in reality brought him to Hugo.

In leaving Hugo on the same day that the taking of the depositions was completed, it would ordinarily appear that he left within a reasonable time; but the trial courts found to the contrary. They understood all of the surrounding facts and circumstances, heard all of the evidence introduced upon both sides, doubtless knew the train schedule, and for these reasons we are not disposed to disturb this finding.

We recommend that the judgment be affirmed.

By the Court: It is so ordered.