AUSTIN-WESTERN ROAD MACHINERY COMPANY, Respondent, v. OWEN, Appellant.

(168 N. W. 860).

(File No. 4351.   Opinion filed September 6, 1918.   Rehearing denied November 4, 1918.)

1.  **Process—Defendant in State as Witness—Motion to Set Aside Judgment, Delay as Waiver of Right, As Affecting Service by Publication—Statute.**

A motion to set aside a default judgment rendered against defendant, on the ground that when served with summons he, being a non-resident, had come within the state solely for purpose of being a witness in another case, and was therefore exempt from service of such process, which motion was not made until about two months after service of summons and attachment and garnishee processes, comes too late; such delay

amounting to a waiver of the right to insist upon the privilege of immunity from service; the service as made being valid until voided; and the delay in moving for relief upon the default having rendered it too late for plaintiff to have begun publication of summons within the 30 days after attachment, as provided for in Code Cic. Proc., Sec. 205.

2.    Same—Privilege of Immunity From, To Non-resident Witness—
.Promptness Re Relief From Service, Necessity—Statute.

The claim of privilege as immunity from service of process upon a non-resident person who comes within the state for the purpose of being a witness in another case, is allowable only to those who act promptly and in good faith, as defined in Civ. Code, Sec. 2448, defining good faith as consisting in honest intention to abstain from taking unconscientious advantage of another, through forms or technicalities of law, together with an absence of all information or belief of facts rendering the transaction unconscientious.

Appeal from Circuit Court, Butte County. HON. JAMES Mc-NENNY, Judge.

Action by the Austin-Western Road Machinery Company, against Henry E. Owen, accompanied by writs of attachment and garnishment. Objections to jurisdiction of trial court in entertaining motion for judgment by default, and entry of judgment thereon for plaintiff; from which judgment defendant appeals. Affirmed.

J. M. Armstrong, for Appellant.

O. E. Farnham, and Dan McCutchen, for Respondent.

(1) To point one of the opinion, Appellant cited:

32 Cyc. 495; Smith vs. Jones (Me.) 49 Am. Rep. 598; Finucane vs. Warner, 112 N. Y. Suppl. 137; Mathews vs. Puffer, 10 Fed. 606.

Respondent cited:

Clark v. Grant, 2 Wend. (N. Y.) 257; Cake v. Haight, 63 N. Y. Supp. 1043; Spencer v. Newton, 33 E. C. L. 157; Randall v. Gurney, 5 E. C. L. 271.

GATES, J.   This action was begun by the issuance of a summons and warrant of attachment on December 16, 1916. On December 18, 1916, the summons was served upon the appellant personally in Butte county, and property of the defendant was attached by the sheriff. A garnishee summons was also served on the defendant, and upon the garnishee on December 19, 1916. The complaint was filed in the clerk's office on January 18, 1917. On

February 10, 1917, and long after the defendant was in default, he appeared specially and served an affidavit and objections to the jurisdiction of the court and a notice of motion of hearing on said objections. The matter came on for hearing before the court on March 3, 1917, and on that day the court made and entered an order overruling said objections and on the same day entered judgment for plaintiff by default. The defendant appeals from the judgment, and contends that the proof submitted to the court upon the hearing of the objections shows that he was a resident of Colorado, and was personally in South Dakota on the date of the service of the summons upon him solely for the purpose of being a witness in another case pending in Butte county, and was therefore exempt from the service of process upon him. Plaintiff contends that the proof fairly shows that the defendant came into this state for the additional purpose of collecting certain judgments which he had previously obtained, and that he unreasonably delayed his return to his home after the necessity for his presence as a witness had expired. Plaintiff further contends that, regardless of the foregoing, and even if defendant was immune from the service of process upon him when made, he waived the immunity privilege by neglecting to claim it until February 10, 1917. We are inclined to the view that plaintiff is right in this contention, and it therefore becomes unnecessary to determine the other point raised.

[1-3] Plaintiff claims, and defendant concedes, that the service of the summons upon a privileged person is not void, but may be waived, and that it remains valid until avoided. Section 205, C. C. P., requires that personal service of the summons shall be made or publication thereof begun within 30 days after the attachment. Until an attempt was made to claim the privilege, plaintiff was entitled to rely upon the service. At the time of the claim of privilege, the defendant was out of the state, and plaintiff could not have obtained personal service of summons upon him within the state. It was also too late for plaintiff to have begun the publication of summons according to the letter of the statute above referred to. Even if under section 551, C. C. P., by reason of the facts the court could have enlarged the time for such publication, which we do not decide, still the delay of the defendant in asserting his privilege would have prejudiced the rights of the plaintiff

in the premises. The claim of privilege, under all authorities, is allowed only to those who act promptly and in good faith as defined in section 2448, C. C. Finucane v. Warner, 60 Misc. Rep. 336, 112 N. Y. Supp. 137. Whether or not the delay was an intentional act of bad faith is immaterial; its effect would be the same. The defendant makes two other contention which are utterly without merit and do not require consideration.

The defendant unreasonably delayed the exercise of the privilege of claiming immunity from service of process, and should therefore be held to be estopped from asserting it. Upon that ground the judgment appealed from is affirmed.