400 P.2d 599

**Sidney W. TURNER, dba Mill Iron Cattle Co., Appellant,**

v.

**Clarence VIAULT, an individual, dba Clarence Viault Grain & Feed Company, Appellee.***

**No. I CA–CIV 6.**

Court of Appeals of Arizona.

April 5, 1965.

* This appeal was filed with the Arizona Supreme Court and assigned that Court's Number 7414. The matter was referred to this Court pursuant to Section 12–120.23 A.R.S.

Benton & Case, by Williby E. Case, Jr., Yuma, for appellant.

James L. Campbell, Yuma, for appellee.

STEVENS, Chief Judge.

This appeal relates to an identical order in each of two cases. In each case there was a different plaintiff and Sidney W. Turner was the defendant. Mr. Turner secured an order bringing in Clarence Viault as the third-party defendant in each case. Mr. Viault was a resident of California. The third-party complaints were filed, and the third-party summons were issued. Mr. Viault was served and he moved to quash the service. In each case the motion was granted. The orders quashing the service are the subject of this appeal wherein Mr. Turner is the appellant and Mr. Viault is the appellee. Neither plaintiff is a party to this appeal. In both cases each party had his own attorney.

Both suits against Mr. Turner were for an alleged breach of contract. Mr. Turner secured the joinder of Mr. Viault as a third-party defendant to enable Mr. Turner to seek a judgment-over against Mr. Viault should the plaintiffs prevail in the actions which were filed.

After filing the initial complaints, and before the joinder of Mr. Viault, he agreed

with plaintiff's attorney that he would come to Arizona for the purpose of giving his depositions in relation to the pending litigation. Between the time of this agreement and the time of Mr. Viault's personal presence in Arizona, the defendant's attorney secured the necessary third-party order, filed the third-party complaints and caused summons to issue in each case. During the course of taking the depositions of Mr. Viault in Arizona he was served with process in both of the pending actions.

Mr. Viault promptly moved to quash the claimed service of process urging that prior to the receipt of the third-party complaints and summons he had no indication that such procedure was contemplated and further urging that he came to Arizona solely for the purpose of giving his depositions, there being no other reason or purpose for him to be in Arizona. As above indicated, this motion was granted in each case and this consolidated appeal followed.

In the case of Rizo v. Burruel, 23 Ariz. 137, 202 P. 234, 19 A.L.R. 823 (1921), the opinion discloses that Rizo, who as a non-resident of Arizona had invoked the jurisdiction of the Arizona Courts by filing for a Writ of Habeas Corpus in relation to his child, claiming that Burruel unlawfully detained the child. When Rizo personally appeared in Arizona in aid of his action, he was served with process in relation to an adoption proceeding which Burruel had filed before the same Arizona Court relating to the same child. Rizo sought to void the service of process in relation to the adoption proceeding. He was not successful in the trial court nor was he successful on appeal. The issues involved were a matter of first impression in Arizona and in the opinion of the Arizona Supreme Court we find the following, beginning on page 140 of the Arizona Reports, 202 P. on page 235:

"In a very recent case this immunity from being sued is stated as follows, quoting from the syllabus:

" 'Suitors, whether plaintiff or defendant, from a foreign jurisdiction are exempt from the service of civil process while attending court and for such reasonable time before and after trial as may enable them to go from and return to their homes.' Sofge v. Lowe, 131 Tenn. 626, 176 S.W. 106, L.R.A. 1916A, 734.

"The reason for the adoption of this rule is based upon grounds of public policy, and relates, as the above court has said—

" 'to a matter of supreme importance—the administration of justice. In order that causes may be fully heard and a just result reached, and that an orderly and unhampered administration of justice may be assured, the law has announced the rule of exemption. If parties to a pending case, or their witnesses, are liable to be thus sued, they may be intimidated and prevented from complying with the foreign court's mandate, if actually summoned or subpoenaed, or from attending voluntarily, as is their privilege. It is against public policy to permit them to be deterred by fear of being subjected to suit while attending, or so going or returning.'

"While most of the courts have been careful to protect foreign litigants in the matter of their privilege to claim immunity from being sued generally, we think that no case will be found that would limit the adversary party to the particular method of presenting the question involved selected by such foreign litigant. In the present case, for instance, the question involved is the status of the infant child, Julia, and we cannot see wherein the privileges or immunities of the father have been invaded, whether that status is determined in the application for writ of habeas corpus or in the petition for leave to adopt."

Rizo was cited in one of the leading cases relating to this subject being the case of Lamb v. Schmitt, 285 U.S. 222, 52 S.Ct. 317, 76 L.Ed. 720 (1932). In Lamb,

we find the following statements of basic principle:

"The general rule that witnesses, suitors, and their attorneys, while in attendance in connection with the conduct of one suit are immune from service of process in another, is founded, not upon the convenience of the individuals, but of the court itself. (Citing Cases) As commonly stated and applied, it proceeds upon the ground that the due administration of justice requires that a court shall not permit interference with the progress of a cause pending before it, by the service of process in other suits, which would prevent, or the fear of which might tend to discourage, the voluntary attendance of those whose presence is necessary or convenient to the judicial administration in the pending litigation. See Bridges v. Sheldon (C.C.) [18 Blatchf. 295, 507] 7 F. 17, 43 et seq. In Stewart v. Ramsay [242 U.S. 128, 37 S.Ct. 44, 61 L.Ed. 192], the court said at page 130, of 242 U.S., 37 S.Ct. 44, 46, quoting from Parker v. Hotchkiss [(C.C.) 1 Wall.Jr. 269], Fed.Cas. No. 10,739:

" 'The privilege which is asserted here is the privilege of the court, rather than of the defendant. It is founded in the necessities of the judicial administration, which would be often embarrassed, and sometimes interrupted, if the suitor might be vexed with process while attending upon the court for the protection of his rights, or the witness while attending to testify.'

"It follows that the privilege should not be enlarged beyond the reason upon which it is founded, and that it should be extended or withheld only as judicial necessities require. (Citing Cases) Limitations of it on this basis have been not infrequently made because the attendance upon the trial of a cause, however vital to the personal interests of those concerned, was not for the purpose of facilitating the progress of a cause, (Citing Cases) or because the service was made on one whose attendance was not voluntary, and hence had no tendency to interfere with judicial administration, Netograph Mfg. Co. v. Scrugham [197 N.Y. 377, 90 N.E. 962, 27 L.R.A.,N.S., 333, 134 Am.St.Rep. 886], supra."

■ The instant case can be distinguished from Rizo in that Rizo instituted the action in the Arizona Courts and invoked its jurisdiction. He was served with process while in Arizona in a related action concerning the same subject matter (his child). In the instant case Clarence Viault was not the plaintiff and had not personally invoked the jurisdiction of the court. He came to Arizona to give a deposition regarding the pending litigation and there is no evidence that he had prior knowledge that he was to be made a third-party defendant.

We recognize that it would have served the convenience of Mr. Turner to litigate all of the potential issues in one trial. We recognize that there is a possibility that the outcome of the primary litigation could be either a benefit or a potential detriment to Mr. Viault so that it might be said that he had more than a passing interest in the litigation. We recognize that there are cases which appear to be broad enough and which appear to extend the exceptions to the foregoing basic principles to the point that a reversal of the trial court's orders would be required. We do not intend to extend this opinion beyond the fact situation which has been presented to us and we believe that under the facts outlined in this opinion we should not extend the exceptions to the basic principles of exemption of service of process during the attendance of an out-of-state witness either for deposition or as a witness at a trial.

It is our opinion that under the Arizona Rules of Civil Procedure, 16 A.R.S., which in many matters are closely related to the Federal Rules of Civil Procedure, the procedures and processes in relation to third-party practice are very similar to those which apply to original actions and that the fact that we are here dealing with a third-party defendant situation does not require an extension of the exceptions.

The order quashing the service of summons in each case is affirmed.

CAMERON and DONOFRIO, JJ., concurring.