571 P.2d 1040

**John C. BRADFORD and Nola Bradford, husband and wife, Appellants,**

v.

**NATIONAL DISTILLERS AND CHEMICAL CORPORATION, Appellee.**

**No. 2 CA–CIV 2439.**

Court of Appeals of Arizona, Division 2.

Sept. 13, 1977.

Rehearing Denied Oct. 19, 1977.

Review Denied Nov. 15, 1977.

Molloy, Jones, Donahue, Trachta & Childers, P. C. by S. Jon Trachta, Tucson, for appellants.

Evans, Kitchel & Jenckes, P. C. by James G. Speer, Phoenix, for appellee.

## OPINION

HATHAWAY, Judge.

This appeal involves an attempt by the appellant John C. Bradford to set aside a default judgment which had been entered against him. Mr. Bradford argues that service of the summons and complaint upon him was improper and that the court therefore lacked jurisdiction over his person.

The circumstances giving rise to Mr. Bradford's predicament are as follows. On July 12, 1971, he arrived in Tucson to be deposed by the plaintiff in the case of *National Distillers and Chemical Corporation v. J & N Industries, Inc.,* Pima County Superior Court No. 125503. He was a resident of Arkansas at the time of the deposition and travelled to Tucson for the sole purpose of being deposed. The deposition, scheduled for July 13, 1971, was cancelled on that day and the case was settled. Bradford remained in Arizona for four or five days because of difficulties he encountered in arranging transportation back to Arkansas. During this time, the appellee, National Distillers and Chemical Corporation, filed a complaint, had a summons issued and on July 15, 1971, Mr. Bradford was personally served in Tucson. He took no action as to the complaint and did not consult an attorney. On August 10, 1971, default judgment was entered against him for the principal sum of $920,000; $149,500 interest, $10,000 attorney's fees and $26.20 in costs. On June 24, 1976, the judgment was renewed by affidavit of the attorney for National Distillers. In July 1976, appellant Bradford moved to set aside the default judgment on the ground that it was void for want of jurisdiction over his person. We disagree and therefore affirm the order denying the motion to vacate.

Bradford argues that, although he was personally served while in Arizona, the court never obtained jurisdiction over him as he was immune from service of process in the instant case because he came to Arizona solely for the purpose of acting as a witness in another lawsuit.

■ The rule granting out-of-state witnesses who are present only for purposes related to one lawsuit immunity from service of process in another is an assertion of the "privilege of the court, rather than of the defendant . . . founded in the necessities of the judicial administration . . ." *Lamb v. Schmitt,* 285 U.S. 222, 52 S.Ct. 317, 76 L.Ed. 720 (1932). ". . . [S]ervice of civil process on one who is entitled to immunity from such service is not void, but merely voidable . . ." 72 C.J.S. Process § 88(a) (1951); *Schwarz v. Thomas,* 95 U.S.App.D.C. 365, 222 F.2d 305 (1955); *Baker v. Erbert,* 199 Kan. 59, 427 P.2d 461 (1967). *Turner v. Viault,* 1 Ariz. App. 171, 400 P.2d 599 (1965), one of the leading cases in Arizona regarding this type of immunity, relying heavily on *Lamb,* supra, quotes with approval the following language: ". . . the privilege should not be enlarged beyond the reason upon which it is founded, and that it should be extended or withheld only as judicial necessities require." 1 Ariz.App. at 173, 400 P.2d at 601.

■ The immunity upon which appellant relies is a privilege extended by the court and not a jurisdictional matter, and in order to obtain the benefit of this privilege, the person served must timely urge the court to extend it. A delay in doing so, especially a delay of five years after entry of the judgment, as here, constitutes a waiver of any possible immunity. *Schwarz v. Thomas,* supra; *Baker v. Erbert,* supra; 72 C.J.S. Process § 88(a); 4 Wright & Miller, Federal Practice and Procedure, § 1079, pp. 324–325.

The trial judge also may have concluded that no basis existed for extending immunity to appellant. The record supports such a finding.

The judgment is affirmed.

HOWARD, C. J., and RICHMOND, J., concurring.