## DRUMHELLER *v.* MUMAW.

Where the record shows that the writ was signed by a clerk for the prothonotary, the court is bound to take notice that he was the deputy, and had authority to administer the oath on appeal from an award.

IN error from the Common Pleas of Luzerne.

*July* 11. The facts are sufficiently stated in the opinion of this court.

*McClintock*, for plaintiff in error.

*Wright* and *Butter*, contrà, cited Shoute *v.* Stockton, 7 W. 526.

*July* 17. BURNSIDE, J.—The Court of Common Pleas dismissed the appeal, because "the oath upon which the appeal was entered, appears by the record (the only evidence brought before us) to have been taken before A. Bedford, prothonotary, by H. Fell, but no authority to administer the oath is in any place stated. Mr. Fell does not call himself clerk or deputy, or state in what capacity, or even where he administered the oath. No evidence is offered to show that he was at any time acting as clerk or deputy, or indeed had anything to do with the Prothonotary's Office; and without some evidence on this subject, we cannot make this inference from the record."

It was determined (in Reigart *v.* McGrath, 16 S. & R. 65), that the oath on the appeal may be administered by the deputy of the prothonotary, in virtue of a general parol delegation. We are at a loss to conceive what more evidence the court wanted than the record in this case exhibited. It showed that on the 1st May, 1845, the summons issued under the seal of the court, A. Bedford, Prothonotary, by Hugh Fell. The next day the plaintiff obtained a rule to take depositions under the seal of the court—A. Bedford, Prothonotary, by Hugh Fell. The record further showed that on

the 19th Sept., 1845, rule on the part of the plaintiff to choose arbitrators under the seal of the court—A. Bedford, Prothonotary, by Hugh Fell. 13th of Oct., 1845, rule of arbitration under the seal of the court—A. Bedford, Prothonotary, by Hugh Fell. 21st Nov., 1845, award of arbitrators filed in favour of plaintiff, for the sum of $2,644.13, costs $35.05. Same day, judgment. The 6th Dec. the defendant appealed, and filed an affidavit, signed and sworn and subscribed before me, A. Bedford, Prothonotary, by H. Fell. The affidavit is on record. But it is contended, that the court was not bound to look at the record in the case, unless their attention was particularly called to it by counsel. I hold it to be the duty of the court to see that law and justice are duly administered : and if necessary, to watch over their officers, to look into the proceedings in the action, and to have a view of the whole case, before they make any important order or decree in the case. What then does the record show ? That Fell issued the summons under the seal of the court, entered a rule to refer to choose arbitrators, issued the rule of reference under the seal of the court, and when the award came to the office, entered a judgment for the plaintiff. It would seem he was in the office for all purposes except administering the oath to obtain an appeal—all his acts in the name of the prothonotary were the acts of that officer, and the oath for the appeal was as much his act as the issuing of the writ, entering the rule of reference, filing the award, and entering judgment. The court had ample evidence in this case, if they chose to look at it, that Fell was the deputy and clerk in the office. It was their duty to look at it, before they deprived the defendant of the right of a trial by jury, and dismissed his appeal.

> The order of the court, dismissing the appeal, reversed, and the appeal restored.