JAMES H. PARKER, Appellant, v. MANUEL MANCO, Respondent.

61   519
136a 585

*Civil process — protection from service of process while attending the taking of testimony out of court — the proceedings which protect him must be in court.*

An action was pending in the Circuit Court of the United States for the District of South Carolina, between one Parker, a citizen of the State of New York, as plaintiff, and one Manco, a citizen of the State of South Carolina, as defendant, in which it was agreed to take the testimony of Parker before a notary in New York city. Manco, who attended the taking of the testimony in New York, as he was leaving that city upon the next day was served with a summons in an action brought in the Supreme Court of the State of New York between the same parties.

*Held,* that the fact that Manco came to New York city to attend the taking of the testimony did not protect him from the service of civil process.

That the rule which protects parties and witnesses from such service, while in attendance upon the trial of causes within this State, had no application to a citizen of a foreign State, having a litigation pending in said foreign State, who attended in this State in order to take testimony out of court.

That said rule is in furtherance of the administration of justice, and that hence the proceedings which protect the party or witness must be in court.

Appeal by the plaintiff James H. Parker from an order, entered in the office of the clerk of the city and county of New York on the 13th day of May, 1891, setting aside the service of the summons in the above-entitled action.

*T. H. Dewey,* for the appellant.

*J. R. Abney,* for the respondent.

Van Brunt, P. J.:

It appears that the plaintiff in this case resides in the city of New York, and the defendant in South Carolina. At the time of the service of the summons in this action, setting aside which the order appealed from was made, there was an action pending between the same parties in the Circuit Court of the United States for the. district of South Carolina, and it having been agreed that certain testimony should be taken in the city of New York before a notary public, the defendant came to the place where such testimony was to be taken on the sixth of April, in the afternoon. and on the

seventh of April the summons in this action was served upon him. A motion was thereupon made to set aside the service upon the ground that the defendant was exempt from service, he being in the State for the sole purpose of taking testimony before a notary public in another action to which he was a party. In support of this proposition, our attention is called, by the counsel for the respondent, to several cases, among which are the cases of *Matthews* v. *Tufts* (87 N. Y., 568) and *Person* v. *Grier* (66 id., 124).

None of the cases cited, however, presents the question now before the court. Nor does the rule recognized in those cases have any application to the facts appearing in the case at bar. The reason why parties and witnesses who come from foreign States into this State for the purpose of attending a trial here are exempted from service of process is, that their presence is necessary for the due administration of justice, and that without such exemption their attendance might not be readily obtained.

In the case of *Person* v. *Grier* the court say: "It is the policy of the law to protect suitors and witnesses from arrests upon civil process while coming to and attending court and while returning home. * * * This immunity is one of the necessities of the administration of justice, and courts would often be embarrassed if suitors or witnesses while attending court could be molested with process. Witnesses might be deterred and parties prevented from attending, and delays might ensue and injustice be done."

And in the case of *Matthews* v. *Tufts* the court say: "This immunity does not depend upon statutory provisions, but is deemed necessary for the due administration of justice." In that case the party was attending as a creditor before a commissioner in bankruptcy in this State, and the court held that commissioners in bankruptcy are a court of justice sufficient for the purpose of having the witness protected by the Court of Chancery at least, if not by themselves. They sit in the nature of a court in the administration of justice in proceedings in bankruptcy, and the due administration of justice requires that all creditors should be free to attend without interference by service of process of any kind.

Thus it is seen that the object of the rule is to allow parties and witnesses to be present where their attendance is necessary upon the trial of causes within this State; and this rule has obtained

because it was in furtherance of justice.   It has no application to the case of a party living in a foreign State having a litigation pending in a foreign State, who attends in this State for the purpose of taking. testimony out of court.   The proceedings must be *in court*, and it is for the protection of the administration of justice that the rule has obtained.

We think, therefore, that the coming into this State, for the purpose of being present upon the taking of testimony to be used in an action in another State, neither comes within the spirit nor the letter of the rule to which attention has been called, and that the defendant was liable to service of process, and the service of the summons herein should not have been set aside.

The order appealed from should be reversed, with ten dollars costs and disbursements.

Daniels and Ingraham, JJ., concurred.

Judgment * reversed, with ten dollars costs and disbursements.