J. W. COOPER v. H. P. WYMAN.

(Decided May 11, 1898.)

*Process—Non-Residents—Exemption from Service of Process—Privilege—Common Law—Implied Repeal —Judgment Dismissing Action not Appealable— Practice.*

1. A summons or other civil process cannot be served upon a non-resident who comes into this State for the sole purpose of attending a litigation in our courts as suitor or witness. Such rule is based upon high considerations of public policy and not upon statutory law, since it is to the public interest that suitors and witnesses from other States, who cannot be compelled to attend the courts, may not be deterred from voluntarily appearing.

2. The exemption of non-resident suitors or witnesses from service of civil process while attending courts in this State covers the time of their coming, their stay and a reasonable time for returning.

3. Service of civil process upon a non-resident suitor or witness attending court in this State is not void but voidable and his remedy is not a motion to dismiss the action, but a motion, on a special appearance, to set aside the return of service.

4. The common law privilege of the exemption of non-residents from service of civil process while attending upon litigation in the courts of this State, as suitors or witnesses, was not repealed, by implication, by Sections 1367 and 1735 of *The Code* prohibiting arrest in civil actions of persons attending courts as witnesses or suitors.

5. The refusal of a motion to dismiss an action is not appealable, the correct practice being to note an exception to such refusal so as to have it considered on appeal from the final judgment.

CIVIL ACTION heard before *Norwood, J.,* at Fall Term, 1897, of CHEROKEE Superior Court, on a motion made by the defendant, who entered a special appearance for the purpose, to dismiss the action upon the ground stated in the opinion. The motion was denied and defendant appealed.

*Messrs. Davidson & Jones* and *F. A. Sondley* for defendant (appellant.)

No counsel *contra.*

CLARK, J.:   The defendant is a non-resident of this State and was served with a summons in this action while attending Swain Superior Court to prosecute an action, in which he was sued, as a witness in his own behalf, and the affidavit (which was taken as true, not being controverted) states that he was not in this State for any other purpose whatever.

The motion to dismiss the action was properly refused, but the point relied on, which should regularly have been raised by a motion to strike out the return of. service, is that a summons or other civil process cannot be served upon a non-resident who comes into this State for the sole purpose of attending a litigation in our courts as suitor or witness.   This is the well established rule of law and the very numerous cases to that effect are collected in some 18 pages of small type in the notes to *Mullen* v. *Sanborn*, 25 L. R. A., 721.   They represent so universal and so uniform a holding upon the point that it is unnecessary to do more than refer to them. The rule is thus stated in Rorer Inter-state Law, 26: "It is the policy of the law to protect (non-resident) suitors and witnesses from service of process in civil actions, whether the process be such as requires their arrest or be merely in the nature of a summons.   Service in such cases will be set aside as well upon general principles as upon positive law, if there is such."   As stated in many of the cases, this settled rule is based upon high considerations of public policy, not upon statutory law, since

122—50

it is the public interest that suitors and witnesses from other States who cannot be compelled to attend our courts, may not be deterred from voluntarily appearing by fear of being served with process in other actions, their presence, if obtainable, being calculated to enable the courts to more thoroughly educe the truth of the matters in litigation. *Baldwin* v. *Emerson*, 16 R. I. 304.

In some few of the earlier cases, it was questioned whether the privilege was not restricted to witnesses, but all the later and better considered cases embrace parties as well as witnesses, more especially since the change which enables parties to be examined as witnesses. *Matthews* v. *Tufts*, 87 N. Y., 568; *Juneau Bank* v. *Mc-Spedan*, 5 Biss., 64. No one is hurt by this exemption since, if it did not exist, the non-residents would not come here, and service of summons on them could not be made any way. *Sherman* v. *Gundlach*, 37 Minn., 118; *Ballinger* v. *Elliot*, 72 N. C., 596.

The exemption covers the time of their coming, stay, and reasonable time for returning—*eundo, morando, et redeundo*,—but the exemption is strictly restricted to those instances in which the person claiming it is in this State for the purpose of attending the litigation as a party or as a witness, and for no other purpose whatever. If he is here for no other cause besides attendance upon the suit, the ground of the exemption ceases and he is subject to service of process. There is also an exception where there is an action brought against a plaintiiff for maliciously bringing the very action which he comes to the State to prosecute. *Mullen* v. *Sanborn*, *supra*.

The exemption being long and universally recognized, and not being statutory, could only be repealed by an

express Statute, which no State has passed.    In many States, as in this (*Code*, Sec. 1367 and 1735), there are statutes prohibiting the arrest in ·civil actions of parties attending court as witnesses or jurors.    But this is held (*Cooley, C. J.*, in *Mitchell* v. *Herron,* 53 Mich., 42; *Andrews* v. *Lembeck,* 46 Ohio St., 38; *Wilson* v. *Donaldson,* 117 Ind., 356, and in many other cases) not to be an implied repeal of the Common Law exemption, but a statutory declaration of it *pro tanto,* and, indeed, in certain respects it differs materially from the common law rule, since, while limited to civil arrest of witnesses and jurors, it is extended to all of those whether residents of the State or not, and whether having other business at the County town or not; whereas the Common Law immunity extends only to parties and witnesses who are non-residents of the State and who have no other business in this State,  and protects them not only from arrests in civil actions but from the service of summons or any other civil process whatever. Indeed, the Common Law exemption rests upon an entirely different reason from the statutory exemption from arrest,  the latter being that witnesses and jurors shall not be hindered from discharging their duties as such, which they have been summoned by the law to perform; hence, jurors and witnesses, resident in this State can be served with summons or any process, other than arrest; while the common law exemption of non-resident parties and witnesses is from service of any process and is for the precisely opposite reason that the law can not compel their attendance in this State, and they should be encouraged to come that the due administration of justice may have the advantage of their presence and examination.

Service in such cases is not void, but voidable; hence, the party, before appearing in the action, should by special appearance move to set aside the return of service (*Thornton* v. *Machine Co.*, 83 Ga., 288) and if the motion is denied, should request the Judge to find the facts and enter them on the record together with the exception to the ruling, so that it may come up for review on the appeal from final judgment. *Guilford Co.* v. *Ga. Co.*, 109 N. C., 310.

The well settled rule that no appeal lies from a refusal to dismiss an action (*Guilford* v. *Ga.*, *supra*, and numerous other cases cited in Clark's Code, 2nd Ed. p. 559, and Supplement thereto, p. 83) is based upon the patent reason that if an appeal lay in any case from a refusal to dismiss, a defendant could in every case get from six to eighteen months delay by such motion. The presumption is always that the Judge correctly refused the motion to dismiss, and if it is in doubt the point can be decided on the appeal from the final judgment. But while, by a long line of uniform decisions, such appeals do not lie, the court in a proper case has often discussed and expressed its opinion upon the point intended to be presented, when there were circumstances which justified its doing so. *State* v. *Wylde*, 110 N. C., 500, and such is the case here. On motion to that effect, the return on the summons as "Served" should be stricken out.

Appeal dismissed.