R. Q. BROWN v. S. C. TAYLOR.

(Filed 31 October, 1917.)

### 1. Motions—Process—Service—Special Appearance.

A special appearance for the purpose of a motion to strike out the return of service on a summons, on the ground that the endorsement was unlawfully made, is the proper procedure.

### 2. Process—Nonresidence—Parties—Service in State.

The principle which protects nonresident suitors and witnesses from service of civil process while in attendance on the courts of this forum is for the purpose of enabling the courts the better to administer full and adequate justice in a cause pending before it, and does not extend to cases where the litigant or witness comes within the jurisdiction for his own private purposes or personal advantage, as where, after the issues have been determined, the party has returned to attend a judicial sale to protect his interest thereat.

### 3. Contracts—Support—Consideration.

A contract made between plaintiff and defendant, whereby the former should care for the mother-in-law of the parties at his home, in consideration of the defendant's furnishing servants, stated sums of money, etc., is supported by a sufficient consideration to maintain an action thereon. *Institute v. Mebane*, 165 N. C., 644, cited and applied.

### 4. Courts — Jurisdiction — Pleadings — Amount Demanded — Good Faith— Judgments.

Objection to a judgment rendered in the Superior Court that the amount was cognizable in the court of a justice of the peace cannot be sustained when the amount demanded in the complaint, in good faith, exceeded the sum of $200.

CIVIL ACTION, tried before *Long, J.,* and a jury, at October Term, 1916, of WAYNE.

It appeared that Mrs. Elizabeth Taylor is the mother of codefendant and of plaintiff's wife, and the action is to recover damages for an alleged breach of contract made between plaintiff and defendant, stipulating for care and provision for Mrs. Elizabeth Taylor in the home of plaintiff, and indicated in the response to the issues.

On the return of the summons, personal service having been made within the State, defendant, a citizen resident of the State of Florida, entered a special appearance and moved to strike out the return of service on facts showing that at the time same was made he was in this State for the purpose of attending a sale, under court decree, of land in which he had a one and one-third interest, and he being a party to the cause in which the sale was ordered. Motion overruled, and exception noted.

Defendant then answered in denial of liability, and the cause being afterwards submitted to the jury, the following verdict was rendered:

1. Did the defendant make the contract with the plaintiff to furnish servants at all times to render sufficient attention to the household work at plaintiff's house in consideration of plaintiff allowing his wife to abandon her household work entirely to bestow care on Mrs. Taylor, as alleged in the complaint? Answer: Yes.

2. If such contract was made, did the plaintiff comply with its terms, as alleged? Answer: Yes.

3. If such contract was made, did the defendant comply with its terms? Answer: No.

4. Were the matters and things in controversy in this action set up in the pleadings and adjudicated and settled in the action in Duplin County, entitled "Sam C. Taylor et als. v. R. Q. Brown"? Answer: No.

5. What amount, if anything, is plaintiff entitled to recover of defendant for and on account of first cause of action alleged in the complaint? Answer: $406.

6. Did the defendant agree to pay plaintiff $10 per week for eight weeks, as alleged in the fourth paragraph of the complaint? Answer: Yes.

Judgment on the verdict, and defendant excepted and appealed.

*W. S. O'B. Robinson & Son and A. S. Grady for plaintiff.*
*Langston, Allen & Taylor and Stevens & Beasley for defendant.*

HOKE, J., after stating the case: Under our procedure, the defendant has taken the proper steps to present the question as to the validity of the service upon him (*Cooper v. Wyman,* 122 N. C., 784), but we are of opinion that the facts in evidence do not bring his case within the principle which, as a rule, protects nonresident suitors and witnesses from service of civil process while in attendance on the courts of the forum.

The general principle is fully recognized (*Cooper v. Weyman, supra; Ballinger v. Elliott,* 72 N. C., 566; *Barber v. Knowles,* 77 Ohio St., 81; *Martin v. Balin,* 76 Ark., 158; *Mallory v. Brewer,* 7 S. Dak., 587); but, as shown in well-considered decisions here and elsewhere, it is established and allowed to prevail for the purpose of enabling the courts the better to administer full and adequate justice in a cause pending before it, and does not extend to cases where the litigant or witness comes within the jurisdiction for his own private purposes or personal advantage. *Greenleaf v. Bank,* 133 N. C., 292-302; *Brooks v. State, Ex re* Richards, Amer. Anno. Cases (1915), 1133; 79 Atlantic, 790 (Del.).

In *Greenleaf v. Bank, supra,* it was shown that A. D. Bissel, vice-president of the Peoples Bank of Buffalo, N. Y., and a resident of said State, was in North Carolina at the time of service, for the sole purpose of representing his bank at a judicial sale in a cause to which his bank

was a party; and in refusing to set aside service, it was held "That an officer of a corporation, while in the State attending a judicial sale to which his company is a party, is not exempt from service of summons in an action against the corporation." And the present Chief Justice, in his concurring opinion, states the doctrine applicable, and the principle upon which it rests, as follows: "Equally unfounded is the claim that service upon the other defendant, the officer of a corporation (*Jester v. Steam Packet Co.,* 131 N. C., 54), was invalid because made when he was attending a sale of land under a decree of court. Such sale may, like other acts, come before a court for review, but the sale itself is not a judicial proceeding, and no exemption from service of process extends to it. Such exemptions are restricted to nonresident witnesses and parties, and are permitted, not on their own account or for their own benefit, but for the benefit of the court in obtaining evidence at a trial, when the court cannot compel the presence of those who can testify to facts in issue in the litigation. This can have no application to the attendance of a party at a sale, under a decree in the cause, for his own convenience or benefit."

The case seems to be decisive, in this jurisdiction, of the question presented, and to like effect, in *Brooks v. Oats, ex parte, supra,* it was held: "The privilege of parties to judicial proceedings, as well as witnesses, attorneys, judges, jurors, and certain other officers of the court, of going to the place where they are held, and remaining as long as necessary, and returning, wholly free from the restraint of process in other civil proceedings, is settled. But the rule is limited to those persons whose duty requires their attendance upon the court, and whose presence is necessary to the court in the performance of its function of administering justice, and in no instance is immunity given a person who appears before the court in any capacity, unless his appearance be in response to a duty or his presence be necessary to the court."

In *Malloy v. Beaver,* 7 S. Dak., *supra, Corson, P. J.,* delivering the opinion, states the general principle as follows: "The rule is founded upon principles of public policy and the due administration of justice, which is subserved by the presence of witnesses to give their evidence orally before the court. The privilege protects a witness in going, staying, and returning to his home, provided he acts in good faith and without unreasonable delay. This immunity from such service, depending as it does on grounds of public policy, does not require statutory authority to enable courts to enforce this rule and set aside a summons improperly served. The object of affording such immunity is to encourage witnesses from other States to come forward voluntarily and testify, and the rule exempting such witnesses from the service of process while so attending in another State commends itself to the courts as a wise and

proper one." And the case of *Stewart v. Ramsey,* current S. C. Reporter, Vol. 37, No. 3, p. 44, issued 1 January, 1917, to which we were cited by counsel, is to like effect.

True, there are decisions which exempt a suitor from service when he was attending the taking of depositions, and another where he was present in the jurisdiction of the forum at the request of his counsel and to aid him in arguing a demurrer (*Kline v. Lant,* 68 Fed., 436; *Plimpton v. Winslow,* 9 Fed., 365; *Bridgers v. Suedon,* 7 Fed., 36); but these cases are illustrative and in support of the position, as stated, that the immunity is not on personal grounds, but exists and is recognized when in furtherance of the administration of justice and the proper disposition of matters before the court. And in the present case the facts showing that the disputed issues had been determined, and that the defendant had come into the State to attend the sale, and, so far as appears, for his own personal interest and advantage, we are of opinion that his application to set aside the service was properly disallowed.

The objection insisted on, that the contract in question was without consideration, cannot for a moment be entertained. In a recent and well-considered opinion on the subject by *Associate Justice Allen,* in the case of *Institute v. Mebane,* 165 N. C., 644-650, he quotes with approval from 9 Cyc., 312, as follows: "There is a consideration if the promisee, in return for his promise, does anything legal which he is not bound to do, or refrains from doing anything which he has the legal right to do, whether there is any actual loss or detriment to him, or actual benefit to the promissor or not." Neither the plaintiff nor his wife were under any legal obligation to support Mrs. Elizabeth Taylor, nor to make provision for her care and comfort, and plaintiff's agreement to do so is a valid consideration, and one both full and adequate for the promise on which defendant has been held liable. See 6 R. C. L., 656-657, title, Contracts, sec. 68.

And the further exception that no judgment should be allowed in the second cause of action, because the same was only for $80 and within the jurisdiction of a justice of the peace, must also be overruled; the aggregate of plaintiff's demands, made in good faith, being cognizable in the Superior Court. *Sloan v. R. R.,* 126 N. C., 487.

There is no error, and the judgment below is affirmed.

No error.