[Civ. No. 2976. Second Appellate District, Division One.—July 10, 1919.]

## JAMES D. HAND, Petitioner, v. SUPERIOR COURT OF LOS ANGELES COUNTY et al., Respondents.

[1] SUMMONS—RESIDENT OF ANOTHER STATE—PRIVILEGE FROM SERVICE IN THIS STATE.—A person living in a foreign state, where he is a party to litigation there pending, is not privileged from the service of process upon him in an action brought in this state when he comes into the state of his own volition and for his own interest as an attendant at the taking of a deposition to be used in the trial of the action in the foreign state.

APPLICATION for a Writ of Prohibition to restrain the Superior Court of Los Angeles County and Grant Jackson, Judge thereof, from further proceedings in an action wherein petitioner, a resident of a foreign state, had been personally served with a summons in this state. Proceeding dismissed.

The facts are stated in the opinion of the court.

Edmon G. Bennett and Lewis D. Collings for Petitioner.

Reginald W. Clapp for Respondents.

SHAW, J.—This is an application for a writ of prohibition. Petitioner, who is a resident of Illinois, was plaintiff in an

action wherein Edwin M. Allen et al. were defendants, then pending in one of the courts of that state. He came here to attend the taking of depositions to be used in the trial of the case, and while present in the office of the commissioner before whom the depositions were made he was served with a summons in an action brought against him in the superior court of Los Angeles County. Claiming that by reason of the facts he was privileged from service of such process, he appeared specially and moved the court to quash and vacate service of the summons. This motion was denied; whereupon he filed this petition to restrain the court from further proceedings in the action.

[1] The authorities of other jurisdictions involving the question as to what extent a nonresident party to an action attending the trial of the case is exempt from service of process issued in another action therein brought are by no means uniform. Many of them relate to the question of immunity granted witnesses from arrest while attending as such upon the trial of cases, the rights of whom, however, in this state are fixed by section 2067 of the Code of Civil Procedure. As to the rights of parties to actions, where they are nonresidents of the state wherein the trial is had, one line of argument is illustrated by *Burroughs* v. *Cocke & Willis,* 56 Okl. 627, [L. R. A. 1916E, 1170, 156 Pac. 196], and *Cooper* v. *Wyman,* 122 N. C. 784, [65 Am. St. Rep. 731, 29 S. E. 947], upholding the privilege of immunity to parties, while other cases, such as *Guynn* v. *McDaneld,* 4 Idaho, 610, [95 Am. St. Rep. 158, 43 Pac. 74], *Baldwin* v. *Emerson,* 16 R. I. 305, [27 Am. St. Rep. 741, 15 Atl. 83], *Baisley* v. *Baisley,* 113 Mo. 544, [35 Am. St. Rep. 726, 21 S. W. 29], and *Bishop* v. *Vose,* 27 Conn. 1, may be cited in support of a contrary view. The reason for granting immunity to suitors is varied. By some of the authorities it is based upon a personal privilege of the suitor, and by others upon the fact that public policy demands that the courts should not be hampered by having those in attendance upon trials interfered with by other litigants. These reasons, however, have no application to the instant case, for the reason that petitioner was not a party to the trial of any action in this state; he was not a witness, nor was he in attendance upon any court whose proceedings could be hampered by the service of process upon him. He was

merely, of his own volition and for his own interest, an attendant at the taking of a deposition on behalf of his adversary, and the notary public acting as commissioner before whom the depositions were taken was not answerable to the court before which the action was pending for anything said or done, the entire proceeding being outside of its jurisdiction. (*Greer* v. *Young,* 120 Ill. 184, [11 N. E. 167].) Hence, while it may be for the purposes of this case conceded that in furtherance of justice parties to actions and their witnesses should be privileged not only from arrest, but from service of summons, while in attendance upon the trial of a cause, such rule has no application to the case of a party living in a foreign state, where he is a party to litigation there pending, and attends in this state for the purpose of taking testimony out of court. In order to come within the rule, the proceeding must in any event be one in court or a similar tribunal. Quoting from *Parker* v. *Marco,* 61 Hun, 519, [16 N. Y. Supp. 325], the courts of which state fully recognize the rule invoked by petitioner: "We think, therefore, that the coming into this state, for the purpose of being present upon the taking of testimony to be used in an action in another state, neither comes within the spirit nor the letter of the rule to which attention has been called, and that the defendant [petitioner here] was liable to service of process, and the service of summons herein."

The proceeding is dismissed.

Conrey, P. J., and James, J., concurred.