[Civ. No. 4491.   Second Appellate District, Division One.—September 19, 1923.]

## E. W. HAMMONS et al., Petitioners, v. SUPERIOR COURT OF LOS ANGELES COUNTY et al., Respondents.

[1] PROHIBITION — JUDGMENT BY DEFAULT — NONRESIDENT WITNESS— ALLEGED VOID SERVICE—CAUSE OF PRESENCE IN STATE—EVIDENCE. In this proceeding in prohibition to prevent the superior court from entering judgment by default in a certain action against petitioners, who are an individual and certain corporations of which said individual is an officer, on the ground that service of summons and the complaint in said action upon said individual, as an individual and as officer of said corporations, was void for the reason that said individual was a nonresident of this state and that his presence in this state was caused solely by the fact that he was to be a witness in the trial of another action, and that service was made upon him while in attendance upon said trial, the evidence contained in the affidavits is sufficient and does sustain the claim of petitioners that the presence of said individual within this state, at the time of service of said papers upon him, was solely caused by and solely connected with said trial, and that he was here for no other purpose, and that it was his in-

---

1. Privilege of nonresident witness from service of summons, notes, 6 Ann. Cas. 337; 18 Ann. Cas. 127; Ann. Cas. 1915D, 985; 25 L. R. A. 721.

Right to serve process in action against corporation to nonresident officer who is within the state as a witness, notes, 24 L. R. A. (N. S.) 276; 52 L. R. A. (N. S.) 583.

tention to leave the state as soon as the circumstances of said trial no longer required his presence within the state.

[2] ID.—REMEDIES—EVIDENCE.—Prohibition to prevent the rendition of a judgment by default in a certain action against petitioners, who are a nonresident individual and certain corporations of which said individual is an officer, on the ground that service of summons and the complaint in said action upon said nonresident individual, as an individual and as an officer of said corporations, was void because it was made while he was in attendance on a trial of another action in this state to which he had come for the sole purpose of being a witness on said trial, is an appropriate remedy, where a proper defense to said action by petitioners would require the transportation to this state of many witnesses from outside the state at a considerable expense, and an appeal, if it should become necessary, would entail great expense on account of a voluminous transcript.

[3] SERVICE—NONRESIDENT—IMMUNITY FROM SERVICE OF PROCESS—RULE.—Where the main and controlling reason for a nonresident's presence in this state is to attend upon court business, his immunity from service of process on him while in attendance upon such court business is not lost because he may transact some other business not connected with the court while here, if he does not voluntarily remain in the state, after the trial, beyond a reasonable time allowed for departure.

PROCEEDING in prohibition to prevent the Superior Court of Los Angeles County from rendering judgment by default in a certain action. Erwin W. Owen, Judge. Writ granted.

The facts are stated in the opinion of the court.

Loewenthal, Collins & Loewenthal for Petitioners.

Lyle W. Rucker for Respondents Other Than Lampton.

Edward T. Bishop, County Counsel, for Respondent Lampton.

CONREY, P. J.—In this proceeding the petitioners claim that they are entitled to a writ of prohibition, restraining respondent court from rendering judgment by default against petitioners in an action brought against them in said court.

On the sixth day of July, 1923, an action to recover damages for an alleged libel was commenced in the superior court of Los Angeles County by Lyle W. Rucker against the above-named petitioners. The complaint was filed and summons issued on that day. Petitioner Hammons is a citizen and actual resident of the state of New York. He is vice-president of Educational Films Exchange of Southern California, a California corporation, and is president of the other petitioners herein, which are New York corporations.

At all times herein mentioned there was pending in said superior court an action entitled "Educational Films Corporation of America, a Corporation, et al., *vs.* S. M. Herzig et al." That action was on the trial calendar for June 20, 1923, at which time by order of court the date of trial was postponed to July 5, 1923. The case was called for trial on July 5, 1923, and proceeded on that day and on the sixth and seventh days of July, when the trial was completed.

Petitioners allege that Hammons came from the state of New York, arriving in the city of Los Angeles on July 2, 1923, solely for the purpose of attending and testifying as a witness at the trial of the Herzig case, and for no other purpose. While Hammons was attending said trial in the courtroom of the superior court on July 6th there were delivered to him four copies of summons and complaint in the Rucker case, as a service thereof upon him individually and as an officer of the other petitioners herein and each of them. Thereafter petitioners appeared specially and moved said court to quash said purported service of summons in said action, upon the ground that the same was invalid and void—by reason of the facts specifically stated relating to the nonresidence of Hammons and the casual and temporary character of his presence in this state for the sole purpose of being present at the trial of the Herzig case. The motion was based upon the files, etc., in both actions and the affidavits of E. W. Hammons and Paul Loewenthal. The motion was heard upon those records and affidavits and the counter-affidavits of Rucker and of H. R. Duval. The said motion, having been duly presented and submitted, was denied by order entered on the first day of August, 1923.

Petitioners allege that unless prohibited and restrained from so doing, the superior court will enter the default of the defendants in the Rucker case and will proceed further

in said action; that petitioners have no plain, speedy, or adequate remedy in the ordinary course of law.

An alternative writ having been issued in this proceeding, respondents have filed a demurrer to the petition, upon the ground that the petition does not state facts sufficient to entitle petitioners to a writ of prohibition, and upon the further ground that the petitioners have a plain, speedy, and adequate remedy in the ordinary course of law.. They have also filed an answer, which denies that Hammons came from the state of New York *solely* for the purposes stated in the petition; alleging that the service of summons was not merely a "purported" service, but that it was an actual and legal service of the summons and complaint; alleging that the motion to quash summons was heard not only upon the records and files referred to in the petition and the affidavits of Hammons and Loewenthal, but also upon the affidavits of Rucker and Duval, which last-named affidavits were not referred to in the petition herein, but are set forth in said answer; deny that petitioners have no plain, speedy, or adequate remedy in the ordinary course of law, and deny that respondents have no jurisdiction over petitioners. Otherwise the answer raises no issues of fact.

This matter came on for hearing in response to the alternative writ. After oral argument, petitioners were granted until August 30th to file further memorandum of authorities, the cause then to stand submitted. On August 30th a stipulation was made allowing petitioners to file an amendment to petition, together with a supplemental affidavit of Loewenthal; providing that respondents may file answer to said amendment and may file counter-affidavits. Respondents having filed no further answer or counter-affidavits, we assume that none is intended to be filed, except that an additional brief has been filed. The amendment to petition includes in the petition an additional paragraph VIII, which reads as follows: "That in order for petitioners to maintain a proper defense in any trial of that certain action commenced in the Superior Court of the County of Los Angeles, State of California, entitled Lyle W. Rucker, Plaintiff, *vs.* Educational Films Corporation et al., Defendants, being file No. 124994, in the records of said court, petitioners will almost exclusively rely upon, and it will be necessary that petitioners transport many witnesses from without the State

of California, to wit the State of New York, and obtain their attendance upon the trial of said action; that by reason thereof, trial of said action would involve heavy expense upon the part of petitioners, the greater part of which expense could not be recovered as legal costs in said action; that the trial of said action will be protracted and it will be necessary that your petitioners produce a great number of witnesses; and that by reason of the nature of said testimony and the length of said trial, a transcript of the evidence and proceedings of said trial would be voluminous and would subject your petitioners to great expense in the event that an appeal from any judgment finally rendered in said action should become necessary.''

The affidavit of Loewenthal shows that as attorney for petitioners he is familiar with the issues which will necessarily be raised on any trial of the Rucker case, and with the evidence necessary to maintain a proper defense thereof, and states further facts identical with the allegations of said additional paragraph VIII.

The Rucker affidavit states, among other things, that the corporations which are petitioners herein have been and are engaged in the business of releasing, booking, and disposing of motion-picture films to various theaters throughout the United States and the world, and have been actually engaged in so disposing of motion-picture films to numerous and sundry theaters within the state of California. Sundry details of fact are stated in support of said general statement, tending to prove that said business was being conducted within the state of California by the respondents, not only until and on the sixth day of July, 1923, but that on July 10th, as shown by the Duval affidavit, Hammons was served with a subpoena for the taking of his deposition in the city of Los Angeles on the sixteenth day of July, 1923, in the Rucker case.

The Rucker affidavit further stated that subsequent to the arrival of Hammons in Los Angeles on the second day of July, and at the time of the service of summons and complaint upon him on the sixth day of July, and thereafter until his departure from the city of Los Angeles on the eleventh day of July, Hammons was actually engaged in doing business in the State of California for and on behalf of the Educational Film Exchanges, Inc., and for and on behalf

of himself personally, in this respect, that he was actually attending a board of directors' meeting of defendant Educational Films Exchange of Southern California on the tenth day of July, 1923, at the hour of 1 P. M. on said day, at its office in the city of Los Angeles; and on various other days from the seventh day of July, 1923, to the eleventh day of July, 1923, was actually engaged in discussions with various individuals relative to the business of defendants (naming the corporations petitioners herein). This affidavit further says that the trial of the Herzig case wherein Hammons appeared as a witness for the defendants ended on Saturday, July 7, 1923, at 12:20 P. M.; that the presence of Hammons was not necessary or required after that time in connection with said action; that in so far as said action was concerned, Hammons could have departed from the city of Los Angeles, California, for his residence in the city of New York, but that, instead, the said Hammons did not leave said city of Los Angeles until four days later, to wit, on the eleventh day of July, 1923, after said subpoena had been served upon him; that the only reason Hammons remained in said city was to transact business connected with the defendants and in no way connected with the trial of said Herzig case; that during the time from July 7th to July 11th, the said Hammons was not physically or in any other way hindered or prevented from leaving said city of Los Angeles and state of California; that on the sixth day of July, while the trial of the Herzig case was actually in progress, said Hammons informed affiant Rucker that he would be very pleased when the trial of said action was completed because of the fact that he had not had an opportunity of attending to any of the other business he had to transact while in Los Angeles; that he would be kept busy in the trial of said action; that he desired to spend at least ten days after the said trial in visiting the various studios and companies engaged in producing pictures which were to be released by said Hammons; that he desired to see what progress said companies were making; that he would spend at least four days in seeing the country after he had visited the studios, and that he would be around here some time after the trial was completed.

[1] We are of the opinion that the evidence contained in the affidavits is sufficient to and does sustain the claim

of petitioners that the presence of Hammons within the state
of California, at the time of service of summons and com-
plaint upon him upon the sixth day of July, was solely caused
by and solely connected with the trial of the Herzig case,
and that he was here for no other purpose; that is to say,
he came into the state solely for the purposes of said action,
and it was his intention to leave the state as soon as the
circumstances of the trial of said action no longer required
his presence within this state. Over against the affidavit
of Mr. Rucker, wherein he refers to certain statements made
to him by Mr. Hammons on the sixth day of July, there
is other evidence strongly tending to prove that Hammons
intended to return to New York immediately upon the con-
clusion of the trial of the Herzig case. The affidavits of
Mr. Loewenthal attached to the petition for writ of prohi-
bition, together with the telegrams, of which copies are con-
tained in said affidavits, show that it was only after earnest
insistence of Mr. Loewenthal that Hammons came to Cali-
fornia to testify at the trial of the Herzig case; that imme-
diately upon the arrival of Hammons at Los Angeles on the
third day of July he informed Loewenthal that he had come
to Los Angeles in compliance with the directions contained
in said telegrams from Loewenthal and for no other pur-
pose, and that he did not intend to transact any other busi-
ness while in Los Angeles and that he intended to return
to New York immediately upon the completion of the trial
of the Herzig case so that he might attend to an important
business engagement that he had made in New York for the
middle of July, with persons coming from England for the
special purpose of conferring with him; that immediately
upon the completion of said trial Hammons procured trans-
portation to return to New York from Los Angeles on July
11, 1923, which was the earliest possible date at which he
was able to obtain a reservation for transportation to New
York. We conclude, therefore, that the facts upon which
this proceeding must be determined are the facts stated in
the petition herein, including said paragraph VIII added
to the petition by amendment. This, of course, does not
include the allegation that the petitioners have no plain,
speedy, or adequate remedy in the ordinary course of law.
That question we will now separately consider.

In a recent decision by the supreme court it was held that prohibition is the appropriate remedy to prevent a superior court from wrongfully assuming jurisdiction and proceeding with the trial of an action in one county, where it appeared that the office and principal place of business of the defendant corporation was in another county, more than fifty miles distant from the city wherein the trial would occur, and that the defendant would be put to the cost of transporting its witnesses to that county; and further appeared that an appeal of such case would involve "considerable expense." Under those circumstances the court determined that the appeal is not a plain, speedy, and adequate remedy. (*Consolidated Adjustment Co.* v. *Superior Court,* 189 Cal. 92 [207 Pac. 552].) **[2]** If prohibition was the appropriate remedy in that case, there can be no doubt that the same is true here, since the facts of the present case, as related to this question, are at least equally as much in favor of petitioners as they were in the case cited.

Petitioners contend that the purported service upon Hammons, in view of the fact that he had come into the state of California for the sole purpose of attending the trial of an action in this state and testifying therein, was of no effect. Counsel have not cited and we have not discovered any California decision directly settling the question of law involved in this contention. *Page* v. *Randall,* 6 Cal. 32, is not in point. In *Hand* v. *Superior Court,* 42 Cal. App. 168 [183 Pac. 456], this court, after citing the two lines of decisions bearing upon the question, conceded for the purposes of that case that in furtherance of justice parties to actions and their witnesses should be privileged from service of summons while in attendance upon the trial of a cause. But we did not really decide the question. Assuming the rule to be as stated, we held that it had no application to the facts of that case, wherein it appeared that the petitioner had shown nothing more than that at the time of service of summons upon him, in an action in this state, he was a resident of another state, who had come into this state to attend at the taking of a deposition to be used in an action pending in the state of his residence, he being a party to that action. On those facts we held that he was not privileged or protected from service of summons in an action brought against him in this state.

Many of the leading authorities upon this question are cited in *Burroughs* v. *Cocke,* 56 Okl. 627 [L. R. A. 1916E, 1170, 156 Pac. 196], and in the decision written by Judge Van Fleet in *Filer* v. *McCornick,* 260 Fed. 309. It appears that the great weight of authority is in favor of the immunity here claimed. The supreme court of Oklahoma in the cited case pointed out that the right is derived from the common law, and in a few states has been extended by statute law. ''The reason for granting this immunity to suitors is varied, some placing it as a personal privilege to the suitor, and others as good public policy that courts should not be hampered by having those in attendance upon them pounced upon by other litigants.''

Bearing upon the contention that any immunity which Hammons may have had was lost because he attended to some other business while here, we find in *Burroughs* v. *Cocke, supra,* the following: ''However, it appears to us that the more reasonable rule and proper test in such cases should be that if the main and controlling reason that occasioned the party's being in the jurisdiction of the court was to attend upon court business, then, merely because he elected to transact other business not connected with the court, that he should not thereby forfeit his immunity; but if it should be determined that his claim of being within the jurisdiction for the purpose of attending upon court business was not bona fide, but was being used by him as a mere subterfuge, and that he was in fact there to transact other business not connected with the trial, and but for the desire to transact said other business he would not have come within the jurisdiction of the court, then he is not entitled to immunity. It thus becomes a question of fact, and each particular case must be decided on its own merits.'' [3] We concur with the rule as stated, with the reservation, that such immunity would be lost by voluntarily remaining within this state, after the trial, beyond a reasonable time allowed for departure. At the time of the service here in question the trial of the Herzig case had not been completed.

Not only was the service of summons on Hammons individually a void service, but the same must be true concerning the service of summons as attempted to be made, upon the other petitioners as corporations of which Hammons was

an officer.  As to the two foreign corporations, the circumstances are very similar to those shown in *Fox* v. *Hale & Norcross S. M. Co.*, 108 Cal. 369, at page 424 [41 Pac. 308], where it was held that the service was insufficient to confer jurisdiction over a corporation, when the only service of summons was made on the superintendent of its mill in Nevada, who was at the time of service in attendance upon the trial of an action in this state, but not engaged in attending to any business of the corporation in this state.  We are further of the opinion that although petitioner Educational Films Exchange of Southern California is a California corporation, of which Hammons is a vice-president, service could not be made upon it by means of a delivery of summons and complaint to such vice-president while he was within the state of California for the sole purposes and only under the circumstances shown in this proceeding.

Let the peremptory writ issue.

Houser, J., and Curtis, J., concurred.