SARA MARGARET BANGLE v. CLEVE WEBB, JOHN BAXTER HIL-
LIARD, AND GENERAL MOTORS SALES CORPORATION.

(Filed 26 November, 1941.)

**1. Process § 4b—**

Findings, supported by evidence, that defendant is a nonresident and was served with summons in this action while he was in this State solely for the purpose of testifying at the coroner's inquest in obedience to a

subpœna from the coroner, and that the action was based on matters which arose before his entrance into this State under the subpœna, support the court's order vacating the purported service of summons.   Sec. 4, ch. 217, Public Laws 1937.

**2. Appeal and Error § 37e—**

The court's findings, supported by evidence, that defendant is a nonresident and was served with summons while he was in this State solely for the purpose of testifying at the coroner's inquest, *are held* conclusive notwithstanding testimony tending to support a contrary view.

APPEAL by plaintiff from *Armstrong, J.,* at May Term, 1941, of MECKLENBURG.   Affirmed.

Motion to vacate purported service of summons upon defendant Cleve Webb.   Service upon this defendant was sought in an action to recover damages for a personal injury to plaintiff alleged to have been caused 14 September, 1940, by the negligence of Webb and others.   Personal service of summons and complaint was had on defendant Webb in Mecklenburg County, 24 January, 1941.   Defendant Webb objected to the service and protested that he was not amenable to service, for the reason that he was a resident of the State of Georgia and had come into North Carolina solely in obedience to a subpœna or summons from the coroner of Mecklenburg County to attend and testify at an inquest then being held.   He later entered special appearance and moved to vacate the purported service of process and for dismissal of the action as to him.

The court below, after considering the affidavits filed by both plaintiff and defendant Webb, found the facts to be that defendant Webb was at the time of the institution of the action and at all times since and now is a resident and citizen of the State of Georgia, and a nonresident of North Carolina; that at the time process was attempted to be served on him he had come into North Carolina in obedience to a summons from the coroner of Mecklenburg County directing him to attend and testify as a witness at the inquest then being held in connection with the death of Miss Blondine Current; that in obedience to the coroner's summons he arrived in Mecklenburg County at the hour set for the inquest, was called, sworn and testified as a witness; that immediately after the conclusion of the inquest he left Mecklenburg County and returned to his home in the State of Georgia; that he neither had nor transacted any other business in North Carolina; that the matters in connection with which service was sought upon him arose before his entrance into North Carolina under the summons; that he had not been arrested upon any charge growing out of the death of Blondine Current and did not come into North Carolina in obedience to any warrant.

Upon the facts found the court adjudged that the motion of defendant Cleve Webb be allowed, and that the purported service on him of summons and complaint be vacated, and that the action as to him be dismissed.

The plaintiff appealed.

*Uhlman S. Alexander, G. T. Carswell, and Joe W. Ervin for plaintiff, appellant.*
*Helms & Mulliss for defendant, appellee.*

DEVIN, J. The facts found by the court below are sufficient to support the ruling that the attempted service of process upon defendant Cleve Webb was invalid. Upon these facts the judgment vacating service and dismissing the action as to him must be upheld, as being in accord with the provisions of the statute, which we quote as follows:

"If a person comes into this State in obedience to a summons directing him to attend and testify in this State he shall not, while in this State pursuant to such summons, be subject to arrest or the service of process, civil or criminal, in connection with matters which arose before his entrance into this State under the summons." Sec. 4, ch. 217, Public Laws 1937; Michie's N. C. Code, sec. 1808 (4).

While there was testimony tending to support a contrary view, an examination of the record discloses that the findings of fact by the court below are supported by competent evidence, and, hence, must be held conclusive and not subject to review. *Schoenith, Inc., v. Manufacturing Co., ante,* 390; *Parris v. Fischer & Co.,* 219 N. C., 292, 13 S. E. (2d), 540.

Affirmed.