## Pearsall v. Pazor

*Walter A. Kieler*, for plaintiff.
*Sherman K. Levine*, for defendant.

BRAHAM, P. J., December 30, 1947.—On August 1, 1947, plaintiff, Earl H. Pearsall, filed a bill for a partnership accounting against Mayer Pazor, defendant. The sheriff made return that on October 6, 1947, he served defendant personally in the hall of the court house at New Castle, Pa. On October 14, 1947, defendant appeared de bene esse and filed his petition to set aside the service. On November 3, 1947, plaintiff filed an answer to the petition. When the case came on for hearing no evidence was offered on either side.

Since both parties were content to have the question submitted to the court on these pleadings the case must be decided upon bill and answer and for the purpose of this proceeding the petition to set aside is the bill and the answer thereto is the answer. The averments of the original bill of complaint are not called into account. The rule is well settled that when a case is heard by the court on bill and answer the undenied

averments of the bill must be taken as established and the averments of the answer which are not denied must be taken as true: Stone v. New Schiller B. & L. Association et al., 293 Pa. 161, 167; Kelly et al. v. International Clay Products Co., 291 Pa. 383; Malis v. Homer B. & L. Association, 314 Pa. 321, 324; Pribek et al., v. McGahan et ux., 314 Pa. 529, 534.

When these principles are applied to the pleading now before us the facts actually established are few. In the second paragraph of the petition defendant alleges that he was served at the court house pursuant to a hearing in the Court of Common Pleas at no. 16, December term, 1947, "wherein the County Commissioners of Lawrence County proposed to have a sale of lots in the Seventh Ward to the said Mayer Pazor approved. That in response to notice of the hearing, the said Mayer Pazor was here as an interested party and party litigant." In the answer plaintiff, while admitting defendant's presence at the court house at New Castle on the date in question, denies that it was pursuant to a hearing of the Court of Common Pleas at no. 16, December term, 1947. According to the answer the defendant was interested in buying lots in the seventh ward, he was merely a purchaser and it was "denied that Mayer Pazor's presence was required or that he was under any legal process and that he was a party litigant". Accordingly the only facts to be gleaned from these paragraphs are: service was made upon defendant in the court house at New Castle; defendant was interested in buying lots in the seventh ward and was there merely as a purchaser.

The 3rd paragraph of the petition to set aside states: "That while there as a necessary party to the business of the Court of Common Pleas of Lawrence County, defendant, Mayer Pazor, was served," etc. On this point the answer says: "It is admitted that said defendant might be the necessary party to a business transaction with the Lawrence County Commissioners, but

under no circumstances was he a party under legal process." Here again the position of Pazor as a party in a business transaction appears but his precise connection with the court proceeding is not indicated.

The 4th paragraph of the petition to set aside alleges: "That the said Mayer Pazor's presence being required in another proceeding at no. 16, December term, 1947, and while there was privileged from service of process in any other suit." To this there is a categorical denial in the answer. It is denied that Mayer Pazor's presence in court was required in the proceeding at no. 16, December term, 1947. On the contrary he is alleged to have been in court on personal business connected with the buying of lands. Here again the facts are very meager.

There was no allegation of the precise type of judicial proceeding which defendant is alleged to have been attending. The petition merely observes that the approval of the court for a sale was being sought. Plaintiff denies that defendant was a party. Here the judicial mind at once inquires as to whether the court may not take judicial notice of the proceeding at no. 16, December term, 1947. But the petition does not aver in what docket this proceeding is to be found and this number and term is found in more than one docket. Furthermore, the court may not import into the present proceeding its personal knowledge of another proceeding even in the same court: Steel v. Levy, 282 Pa. 338, 341; John Deere Plow Co. v. Hershey et al., 287 Pa. 92, 101; Stone v. New Schiller B. & L. Association et al., 293 Pa. 161, 167.

The rule forbidding a court to take personal knowledge of proceedings in other cases is not all-embracing. Courts may take judicial notice of the source and extent powers of judges: Clark v. The Commonwealth, 29 Pa. 129; and of the identity and function of the offices of the court: Drumheller v. Mumaw, 9 Pa. 19. Nevertheless, ordinarily a court may not take judicial

notice in one case of the records of another case: Naffah v. City Deposit Bank et al., 339 Pa. 157.

Upon general principles of law a party or witness in a judicial proceeding is privileged to come from another State into this without being served with judicial process while necessarily here: 42 Am. Jur. 119; 1 Standard Pa. Practice, 444 et seq. This rule is to prevent interference with the business of a court by the harrassing of parties and witnesses and to encourage the voluntary appearance of foreign witnesses: 42 Am. Jur. 120. The briefs in this case disclose how vital might be the precise nature of the legal proceedings here involved. In Scott v. Simmons, 27 D. & C. 383, defendant was held to be immune from service while attending a hearing before the Department of Revenue for revocation of his automobile license. Judge Brownson there well states the law and authorities. In Caldwell v. Dixey, 3 Pa. C. C. 532, a party to a suit before a justice of the peace was held immune from service. In Kellar & Stanley v. Jackman, 73 Pitts. L. J. 941, a party was held to be immune from service although he had no very definite purpose for his actual presence in court. On the other hand a sale of land under a judicial decree has been held not to be a judicial proceeding within the rule: 42 Am. Jur. 130; Brown v. Taylor, 174 N. C. 423, 93 S. E. 982. In general appearance in response to a duty or necessity must be shown: 42 Am. Jur. 129.

All of this points up the necessity for accurate evidence as to the nature of the collateral proceeding and defendant's relation to it. Defendant's brief details the statutes under which the proceeding which defendant attended was being held; but the record before us is barren of such information and we may not, as has been said, use our own knowledge or search out the files in the other case to cull the information from them. Defendant might well have offered the record in the case at no. 16, December term, 1947, and thus have made it a part of the record in this case: Commonwealth ex rel. v. Ball et al., 277 Pa. 301, 306.

Entertaining these views we make the following

*Order*

Now, December 30, 1947, defendant's petition to set aside service of the bill in equity upon him is overruled and refused and defendant is directed to answer the bill of complaint within 15 days from the service thereof upon him.