MYRTLE ROSE HARE v. BOYD R. HARE.

(Filed 7 April, 1948.)

**1. Process § 5b—**

A defendant in a criminal action is immune from service of process in a civil action arising out of the same facts as the criminal proceeding provided he is brought into the State by, or after waiver of extradition proceedings, G. S., 15-79; G. S., 15-82; G. S., 8-68.

**2. Same—**

Where it does not appear that a defendant in a criminal action was brought into the State by, or after waiver of extradition proceedings, his exception to the refusal of his motion to strike out return of summons issued in a civil action and served on him while in this State for the purpose of attending a criminal term of court at which he was under bond to appear, cannot be sustained.

**3. Divorce § 12—**

Averment that defendant had obtained an absolute divorce from plaintiff suing for alimony without divorce, is a matter of defense to the cause of action but does not preclude the court from allowing alimony *pendente lite* and counsel fees.

APPEAL by defendant from *Phillips, J.,* at December Term, 1947, of RANDOLPH.

Civil action instituted 3 December, 1947, by plaintiff for alimony without divorce.

After service of summons, the defendant in apt time made a special appearance through his counsel, and moved to strike out the return of the sheriff made on the summons issued in this action, for the reason that the defendant is a nonresident of the State of North Carolina; and was in this State on the date the summons was served for no other purpose than to attend the December Criminal Term, 1947, of the Superior Court of Randolph County, as a defendant, to which term he was under bond to appear. A mistrial was ordered in the criminal action against the defendant, and he was again released on bond. The motion was supported by affidavit to the effect that the defendant is and has been a *bona fide* citizen and resident of the State of California since September, 1946; and that prior to the institution of this action the defendant had been granted an absolute divorce from the plaintiff.

The court overruled the motion, found no facts but proceeded to hear plaintiff's motion for alimony *pendente lite* and for counsel fees. At the

conclusion of the hearing on the latter motion, the court entered an order allowing the plaintiff $125.00 per month alimony *pendente lite* and her counsel a fee of $200.00. The defendant appeals, assigning error.

*No counsel contra.*

*John G. Prevette for defendant.*

DENNY, J. Conceding that the appellant was a nonresident of North Carolina at the time the summons was issued and served on him; and, further conceding that at such time he was in this State for no other purpose than to attend the December Criminal Term, 1947, of the Superior Court of Randolph County, to which term he was under bond to appear: Was he exempt from service of civil process while coming to court, during the period he was required by his bond to remain in court, and for a reasonable time thereafter in which to return to the State of his residence? We think our statutes and the decisions of this Court require a negative answer.

G. S., 15-79, reads as follows: "A person brought into this state by, or after waiver of, extradition based on a criminal charge shall not be subject to service of personal process in civil actions arising out of the same facts as the criminal proceedings to answer which he is being or has been returned until he has been convicted in the criminal proceeding or, if acquitted until he has had reasonable opportunity to return to the state from which he was extradited."

However, G. S., 15-82, contains the following provision: "After a person has been brought back to this state by, or after waiver of extradition proceedings, he may be tried in this state for other crimes which he may be charged with having committed here as well as that specified in the requisition for his extradition."

Our statutes, G. S., 8-65, *et seq.*, grant immunity to a person from service of process, civil or criminal, in connection with matters which arose before his entrance into this State, when such person comes into the State in obedience to a summons or subpoena for the purpose of testifying in a pending civil or criminal proceeding. *Cooper v. Wyman,* 122 N. C., 784, 29 S. E., 947; *Winder v. Penniman,* 181 N. C., 8, 105 S. E., 884, 13 A. L. R., 364; *Bangle v. Webb,* 220 N. C., 423, 17 S. E. (2d), 613; *Current v. Webb,* 220 N. C., 425, 17 S. E. (2d), 614; *Cf. Greenleaf v. People's Bank,* 133 N. C., 292, 45 S. E., 638; *Brown v. Taylor,* 174 N. C., 423, 93 S. E., 982. But our statutes do not purport to grant immunity from service of process to a defendant in a criminal proceeding except when he is brought into the State by, or after waiver of extradition proceedings. Even then, the exemption is limited by the statute, to process "in civil actions arising out of the same facts as the

criminal proceedings" upon which the extradition proceedings were based. G. S., 15-79, *supra*. Furthermore, if the Legislature had not recognized the lack of immunity from service of process on a defendant in a criminal proceeding in this jurisdiction, it would have been unnecessary to provide immunity for persons brought into this State pursuant to the provisions of our extradition law.

In some jurisdictions it is held that a nonresident defendant is exempt from service of civil process while his presence in the State is in compliance with the conditions of a bail bond. However, we have not so held.

In the case of *Moore v. Green,* 73 N. C., 394, the holding of the Court is briefly stated in the syllabus of the opinion, in the following language: "A defendant, who has been brought into Court on criminal process, and discharged from arrest under the same on bail, is not privileged from being arrested on civil process immediately afterwards, during the sitting of the Court and before he leaves the Court room." And in *White v. Underwood,* 125 N. C., 25, 34 S. E., 104, the defendant was served with process while confined in jail upon failure to give bond for his appearance to answer a criminal charge. *Clark, J.,* in speaking for the Court, said: "The sheriff has authority to serve process anywhere in his county, in jail as well as elsewhere. The jail possesses no 'privilege of sanctuary.' The reason for the exemption of witnesses and jurors from civil arrest (Code, secs. 1367 and 1735) and of nonresident parties and witnesses voluntarily attending Court here from service of any civil process (*Cooper v. Wyman,* 122 N. C., 784), do not apply to parties arrested in criminal proceeding. *Moore v. Green,* 73 N. C., 394. There is no public policy to encourage the latter."

The record before us is silent as to the manner in which the defendant was originally brought into court. Whether extradition papers were issued for him and he was extradited, or came into the State after waiver of extradition proceedings, is not disclosed. Hence, upon this record, the defendant's exception to the overruling of his motion, cannot be sustained.

The further information contained in the defendant's affidavit to the effect that he had obtained an absolute divorce from the plaintiff prior to the institution of this action, is a matter that may be pleaded as a defense to plaintiff's alleged cause of action, but it has no bearing on the question presented on this appeal.

The judgment of the court below will be upheld.

Affirmed.